JOSHUA D. BARBER *vs.* SAMUEL E. FLOYD & another.

A recognizance under the Gen. Sts. *c.* 124, § 10, is not invalid because taken in more than double the amount of the execution.

A surety in a recognizance under the Gen. Sts. *c.* 124, § 10, is liable if his principal gives no notice to the judgment creditor of his intention to submit himself to examination, although the judgment creditor and the principal agree on the twenty-seventh day after the arrest that "the hearing may be postponed for one week from this date."

CONTRACT on a recognizance under the Gen. Sts. *c.* 124, § 10, in the sum of $200, entered into by Samuel E. Floyd as principal, and Samuel Eldridge as surety, and conditioned that Floyd, who had been arrested on execution upon a judgment in favor of the plaintiff for $78.11, should, within thirty days from May 12, 1870, "deliver himself up for examination, before some magistrate authorized to act, giving notice of the time and place thereof in the

manner provided in and by " the Gen. Sts. *c.* 124, " and appear at the time fixed for his examination and from time to time, until the same is concluded, and not depart without leave of the magistrate thereon."

At the trial in the superior court, before *Pitman,* J., the defendants contended that the recognizance was void because it was for more than double the amount of the execution; but the judge ruled otherwise.

The defendants introduced evidence that the plaintiff and Floyd on June 8, 1870, agreed in writing that " the hearing may be postponed for one week from this date." The defendant Eldridge never knew of this agreement. No notice was ever given by Floyd of his intention to deliver himself up. The judge ruled that the agreement was not a waiver of the obligation of Floyd to give the notice required by the recognizance, whereupon the defendants submitted to a verdict for the plaintiff, and the judge reported the case for the determination of this court. If either of the rulings was erroneous, a new trial was to be had; otherwise, judgment was to be entered on the verdict.

*R. Lund & E. J. Welch,* for the plaintiff.

*G. W. Searle,* for Eldridge.

CHAPMAN, C. J. The recognizance was valid, though it was in a sum a little more than double the amount of the execution. *Currier* v. *Poor,* 5 Allen, 585. *Whittier* v. *Way,* 6 Allen, 288.

The agreement, to postpone the hearing before the magistrate on the debtor's examination, could not affect the surety injuriously. The condition of the recognizance was, that the debtor should deliver himself up for examination before some magistrate within thirty days, giving notice of the time and place of his examination, and appear at the time fixed for his examination, and from time to time, till the same should be concluded, and not depart without leave of the magistrate. The court ruled correctly, that the agreement was not a waiver of the obligation of the defendant Floyd to give the notice required by the terms of the recognizance, and was no defence to the action. It did not purport to waive anything more than the right to make the examination on the day specified, and postpone it for a week

This the magistrate might have ordered on motion, or for his own convenience, or the parties might agree to, within the terms of the recognizance. The recognizance having been violated by the neglect to give any notice to the plaintiff, the verdict is right.

*Judgment on the verdict.*