## DAVID B. MORRILL *vs.* JOHN NORTON.

Worcester.   Oct. 2, 1874.— Jan. 9, 1875.   COLT & MORTON, JJ., absent.

Pending an action on a recognizance, the court may permit the magistrate by whom
it was taken to file a new and corrected certificate thereof in place of the cer-
tificate previously returned by him, and may allow the declaration in the action to
be amended to correspond with the new certificate.

A poor debtor duly presented himself for examination at the time and place to which
a hearing pursuant to a notice given under a recognizance entered into in accord-
ance with the Gen. Sts. *c.* 124, § 17, had been adjourned.   The magistrate was ab-
sent, and the proceedings were not continued by any other magistrate, under the
St. of 1870, *c.* 77.   The debtor took no further steps towards an examination.
*Held*, that there was a breach of the recognizance.

Where a debtor arrested on an execution enters into a recognizance under the Gen.
Sts. *c.* 124, § 17, to appear for examination, and duly presents himself for exam-
ination at the time and place appointed, but is prevented from proceeding in the
examination by the absence of the magistrate, statements made by the officer who
arrested him are inadmissible in an action for breach of the recognizance, either
to relieve the debtor from the penalty of such breach, or to show that there had
been an adjournment of the examination by the magistrate.

CONTRACT on a recognizance entered into under the Gen. Sts.
*c.* 124, § 17, by Michael Collins as principal, and the defendant as
surety, and conditioned that Collins, who had been arrested on an
execution in favor of the plaintiff, should appear on December 7,
1872, at 10 A. M., at the office of the magistrate taking the rec-
ognizance in Spencer, being the time and place fixed by the mag-
istrate at the debtor's request, for his examination as poor debtor,
and from time to time until the examination was concluded, and
not depart without leave of the magistrate, making no default at
any time fixed for his examination, and abide the final order of
the magistrate thereon.

The case was submitted to the Central District Court of Worces-·
ter on an agreed statement of facts in substance as follows :

Collins entered into the above recognizance on December 3,
1872, and gave due notice of his intention to take the poor
debtor's oath on December 7, 1872.   The examination was duly
continued by the magistrate, from December 7 to December 13,
1872, when the hearing was begun and continued, at the debtor's
request, to enable him to procure further testimony in his behalf,
to December 31, 1872, at 10 A. M., at the magistrate's office in
Spencer.   At the debtor's request, the hearing and examination

was again adjourned from December 31, 1872, to January 30, 1873, at 10 A. M., to be continued before the magistrate at his office in Spencer. At the last named time and place Collins was present, but the magistrate was absent from the state. The debtor remained at the office of the magistrate for over an hour. No continuance or hearing was had in the case on January 30, 1873, or at any subsequent time. Collins has neither been refused nor admitted to take the oath for the relief of poor debtors by the said magistrate, or any other magistrate. The debtor did not obtain any continuance or adjournment of the hearing or examination from January 30, 1873, to any other time, and has never notified the creditor or his attorneys of any subsequent time to which the examination and hearing was continued. No other trial justice was then resident in Spencer, but several justices of the peace were resident near the office of the magistrate. The creditor, or his attorneys, had no notice of any other time appointed for the hearing or examination subsequent to January 30, 1873. The execution on which the debtor was arrested was returned into court unsatisfied prior to the date of the writ in this action.

Subject to the right of objection on the part of the plaintiff, as to its materiality or admissibility in this action, it is agreed that on January 30, 1873, the debtor Collins went to the deputy sheriff who arrested him on execution, and informed him in regard to the absence of the magistrate, and was told by the deputy sheriff that the creditor's attorney had been notified that there would be no hearing there on that day, and he might go home, and he would notify him when the examination would proceed.

The certificate of the recognizance declared on was an amendment of the certificate of the recognizance originally filed in the Central District Court of Worcester, and upon which the hearing on the case was begun before that court, which amended certificate was filed, by leave of that court while the suit was there pending, by the magistrate before whom the contract of recognizance was entered into, the defendant objecting to the filing of the amended certificate by the magistrate.

Judgment was rendered in favor of the plaintiff for the amount of the penalty expressed in the recognizance; and the defendant appealed to the Superior Court, where the judgment was affirmed, he then appealed to this court.

*L. M. Child*, for the defendant.

*C. A. Merrill & W. A. Gile*, for the plaintiff.

DEVENS, J. It was entirely competent for the District Court wherein this cause was pending to permit an amendment of the certificate of the recognizance, as originally returned by the magistrate to that court, to be made by filing a new and corrected memorandum thereof, and also to permit the declaration in the action to be amended to correspond with the recognizance as thus corrected. *Cook* v. *Berth*, 108 Mass. 73. *Commonwealth* v. *Cheney*, Ib. 33.

The recognizance sued on was for the appearance of the principal debtor upon a day and at a place named, and from time to time until his examination was concluded. On the 30th of January, 1873, to which time the examination had been adjourned, the magistrate failed to attend; and although any magistrate named in the Gen. Sts. *c.* 124, § 1, could have attended and adjourned the proceeding, making certificate thereof, (St. 1870, *c.* 77,) no such magistrate was called in, no adjournment took place, and the proceedings have since slumbered. By permitting the examination thus to fall through, and taking no further action, it must be deemed that a breach of the recognizance has been incurred. The burden of doing the necessary preliminary acts, such as providing for the presence of a competent magistrate, is upon the debtor, and all omissions which disable him from keeping his engagement to deliver himself up for examination in conformity with his recognizance, are at the peril of himself and his sureties. *Thacher* v. *Williams*, 14 Gray, 324. *Adams* v. *Stone*, 13 Gray, 396. *Millett* v. *Lemon*, 113 Mass.

Nor were the statements made by the deputy sheriff admissible either to relieve the debtor from a breach of the recognizance, or to prove that there had been any adjournment of the examination by the magistrate. This officer was in no way, so far as appears, authorized to act or speak for either the plaintiff or his attorney, and his own duty as deputy sheriff was for the time at an end, the debtor having by the recognizance been discharged from his custody.      *Judgment for the plaintiff.*