HANNAH C. GODFREY *vs.* JAMES L. MUNYAN & others.

Hampshire. Sept. 21, 1875. — May 8, 1876. AMES, DEVENS & LORD JJ., absent.

A poor debtor duly presented himself for examination at the time and place to which a hearing, pursuant to a notice given under a recognizance entered into in accordance with the Gen. Sts. *c.* 124, § 17, had been adjourned at his request, but against the objection of the creditor. The magistrate who granted the continuance was present, but declined to act, having ceased to be a magistrate by reason of a change of domicil, and another magistrate assumed to order a continuance. *Held*, that hè had no authority to do so; and that there was a breach of the recognizance, no magistrate competent to act being present, although this happened through no fault of the debtor.

CONTRACT on a recognizance entered into under the Gen. Sts. *c.* 124, § 17, by the defendant Robert H. Aldrich, as principal, and the defendants Munyan and Edwin D. Warfield, as sureties, and conditioned that Aldrich, who had been arrested on an execution in favor of the plaintiff, should, within thirty days from the day of his arrest, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon. The case was submitted to the Superior Court on an agreed statement of facts, in substance as follows :

The plaintiff was duly notified of the defendant's desire to take the oath for the relief of poor debtors before Oliver Pease, on February 27, 1874, at ten o'clock in the forenoon, at the office of S. T. Spaulding, Esquire, in Northampton, and on that day the parties appeared, and the case was thence continued to March 13, 1874, at the same place, when the creditor filed charges of fraud, and upon them issue was joined, the debtor pleading not guilty.

The examination of the defendant, which was taken wholly in writing, was thence continued to April 1, 1874, at the same hour and place, at which time sundry witnesses were examined orally on behalf of the creditor, and gave testimony which was compe-

tent and tended to sustain the plaintiff's charges of fraud. The case was thence further continued at the request of the debtor, to enable him to secure the attendance of the defendant War-field, a material witness on behalf of the debtor, as was alleged, to May 27, 1874, at the same hour and place, against the objection of the creditor, who desired to proceed from day to day with the examination and evidence. Before May 27, Oliver Pease, who was a resident of Amherst, removed his domicil thence to Belchertown, and, on May 27, at said time and place, he attended; but as he did not act, and declined to act for the reason that he had changed his residence and removed from Amherst, A. Perry Peck, another trial justice for said county, was requested by the debtor to attend, and did attend at that time and place, and ordered the examination on said application and charges of fraud to be continued to Wednesday, June 24, 1874, at said hour and place. The debtor and his counsel were present when said order for continuance to June 24, 1874, was made.

The creditor objected in writing to the jurisdiction of Pease, and also to that of Peck, who is a joint debtor in this judgment and execution, and in no way relieved from his liability thereon, and had been examined orally before Pease as a witness called by the plaintiff on the said application and charges of fraud. The creditor did not further appear at any subsequent time and place, claiming that the debtor had made default. On said June 24, neither Pease nor Peck attended, and one Dwight, another trial justice, at the request of Aldrich, attended at said time and place, and certified that he attended in the absence of A. Perry Peck, and at the time and place to which said cause had been continued by said Peck, and that Aldrich desired to take the benefit of the law for the relief of poor debtors.

Dwight was, upon an examination, satisfied of the truth of the facts set forth in the oath to be taken by the debtor, and in the certificate to be made by the magistrate. He there administered the oath, and made a proper record of his proceedings, if he had authority to act in the premises. No notice was given to the creditor of any hearing before, or of any application to, Dwight, except the knowledge of the continuance as before stated. No witnesses were heard by Dwight, and he was not

made acquainted with the evidence before offered and heard by Pease.

After the expiration of the hour, and after the oath had been administered, but while Dwight, Aldrich and his counsel were there remaining, Mr. Hammond, of the plaintiff's counsel, entered the office, and was informed of what had been done, but made no request, and immediately retired, and did not appear for the purposes of that case.

If default was made in the condition of said recognizance, judgment was to be entered for the amount of the judgment debt and interest; and if there was no default, judgment was to be entered for the defendants.

*Brigham,* C. J., ordered judgment for the plaintiff; and the defendants appealed.

*S. T. Spaulding,* for the defendants.

*J. C. Hammond,* for the plaintiff.

ENDICOTT, J. Oliver Pease, a trial justice of Amherst, had jurisdiction of these proceedings. They were continued from time to time before him from February 27 to April 1, when they were still further continued to May 27. On that date Pease appeared, but declined to act because he was no longer a trial justice, having removed in the mean time from Amherst to Belchertown. Gen. Sts. *c.* 120, § 35. This change of domicil disqualified Pease from further proceeding with the hearing. Having had jurisdiction of the proceedings, there is no provision of the statutes which authorized another magistrate to assume jurisdiction on May 27. *Palmer* v. *Everett,* 7 Allen, 358. The statutes do not make any provision for the continuance of the proceedings when a magistrate is no longer competent to act.

When a magistrate fails to appear at the time and place appointed, another magistrate may continue the proceedings for a time, not exceeding thirty days. St. 1870, *c.* 77. But as a certificate of the continuance must be delivered to the magistrate before whom the process is pending, the statute cannot apply to this case, for Pease had ceased to be a magistrate.

The only question therefore is, whether there was a breach of the recognizance on the part of the debtor, no magistrate competent to act being present on May 27. The defendants contend

there was not a breach, because the proceedings were brought to a close by no act or omission of the debtor, and several cases are cited to support that position. But those cases are not in point. In *Palmer* v. *Everett*, 7 Allen, 358, the magistrate was prohibited from proceeding by an injunction procured by the creditor. In the other cases, there were irregularities in the proceeding, or the magistrate exceeded his jurisdiction; but in all, the debtor appeared before a magistrate qualified to act. *Doane* v. *Bartlett*, 4 Allen, 74. *Russell* v. *Goodrich*, 8 Allen, 150. *Jacot* v. *Wyatt*, 10 Gray, 236. *Stone* v. *Russell*, 11 Gray, 226. *Skinner* v. *Frost*, 6 Allen, 285.

We are of opinion that this case cannot be distinguished from *Morrill* v. *Norton*, 116 Mass. 487. In that case, the magistrate was absent from the state on the day appointed by adjournment for the hearing; in this, the magistrate had removed from Amherst, and declined to act because he was no longer a trial justice. In both cases, the act of the magistrate rendered it impossible for the debtor to perform the condition of his recognizance, by having a proper magistrate in attendance on the day appointed, qualified by law to take the examination and grant a discharge. And no distinction can be made between the neglect of the magistrate to appear and conduct the proceedings, and his doing an act which rendered it impossible for him to proceed. In either case, the terms of the recognizance, which are absolute, are not complied with. The case was delayed to May 27 at the request of the debtor, and against the objection of the plaintiff; and the debtor was bound, at the peril of breach of his recognizance, to have Pease present on that day, and competent to act. He runs the risk of all such accidents, whether arising from the casual absence or the disability of the magistrate. See *Thacher* v. *Williams*, 14 Gray, 324; *Adams* v. *Stone*, 13 Gray, 396. As Pease was no longer a magistrate, no other magistrate could adjourn the proceedings under the St. of 1870, c. 77, for the reasons previously stated.

As there was a breach of the recognizance on May 27, it is not necessary to the decision to consider the other questions raised in regard to the subsequent proceedings. But we do not intend to intimate they were regular, or that A. Perry Peck, who was jointly liable with the debtor on the original judgment

and execution which the plaintiff was seeking to enforce, and who had been examined as a witness before Pease on the charges of fraud, could act as a magistrate in any stage of the proceedings.                                  *Judgment for the plaintiff.*