MOUNT WASHINGTON GLASS WORKS *vs.* CHARLES G. ALLEN.

Bristol.    Oct. 25. — Nov. 29, 1876.    DEVENS & LORD, JJ., absent.

A judgment creditor, before the appointed hour, to which a hearing for the examination of a poor debtor, pursuant to a notice given under a recognizance entered into in accordance with the Gen. Sts. c. 124, § 10, had been adjourned, agreed with the debtor, because of the illness of the magistrate, that it should be postponed; the magistrate at the appointed hour, but not at the appointed place, continued the proceedings according to the agreement; and the debtor did not appear before the magistrate at the appointed hour, but was afterwards discharged at the time to which the hearing was thus adjourned. *Held,* that the creditor had waived the condition of the recognizance, requiring the debtor's attendance, and that there was no breach thereof.

CONTRACT on a recognizance entered into under the Gen. Sts. *c.* 124, § 10, by Henry Kelley as principal, and the defendant as surety, and conditioned that Kelley, who had been arrested on an execution in favor of the plaintiff, should within thirty days from the time of his arrest, as above mentioned, deliver himself up for examination before some magistrate, authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time and place fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts, in substance as follows :

Within the time specified, Kelley appeared before a magistrate, having first given notice as required by law, and his examination was begun, the plaintiff appearing by its attorney. The examination was then continued to March 20, 1875, at two o'clock in the afternoon.

On March 20, and before two o'clock, in consequence of the illness of the magistrate, an agreement in writing, at the suggestion and request of Kelley, was signed by plaintiff's counsel, and by the counsel of Kelley, as follows: "The examination of Henry Kelley, arrested on execution in favor of the Mount Washington Glass Company, heretofore continued to March

20th, 1875, at 2 o'clock P. M. may be further continued to April 3d inst. at 4 o'clock P. M." This agreement was given to the magistrate before 2 o'clock P. M. on March 20, and the magistrate thereupon continued the examination to the time agreed upon. The magistrate's indorsement on the agreement which was signed by him was as follows: " Mar. 20, 1875, 2 P. M. Hearing adjourned to April 3, '75, 4 P. M., as per above agreement."

Kelley or his counsel did not appear before the magistrate at two o'clock in the afternoon of March 20, nor within one hour thereafter, nor was the magistrate at his office, the place of such examination, at or during said hour, but Kelley appeared before the magistrate on April 3, at the hour appointed, and remained for more than one hour, and, no one appearing on behalf of the plaintiff, was discharged.

At the time the written agreement for a continuance was brought to the plaintiff's counsel for signature, he told Kelley that he did not think it was a proper method to continue the case, but that, if Kelley's counsel were satisfied, he should not object. If there was a breach of the recognizance, judgment was to be entered for the plaintiff for $132.29; otherwise, judgment for the defendant.

*C. W. Clifford*, (*G. Marston* with him,) for the plaintiff.

*H. J. Fuller*, for the defendant.

ENDICOTT, J. The plaintiff contends that there was a breach of the recognizance, because the debtor did not appear before the magistrate at two o'clock on March 20, that being the time appointed by adjournment for his examination. It appears in the agreed statement that the magistrate was ill on that day, and, in consequence of his illness and before the appointed hour, the plaintiff's counsel agreed in writing with the counsel of the debtor, that the examination should be postponed to April 3. The agreement was handed to the magistrate, and at two o'clock he continued the proceedings according to the terms of the agreement. This appears by his indorsement thereon. He was not at his office at the time, and the debtor did not appear there on that day.

Upon these facts we are of opinion that the plaintiff is concluded by his own act from setting up, as a breach, the failure

of the debtor to appear before the magistrate at the time and place appointed. As the magistrate was unable to be present, and conduct the examination, the agreement was made, and the formality of appearing before him, as required by the terms of the recognizance, was waived.

It is true, as contended by the plaintiff, that a debtor must strictly comply with the terms of his recognizance, and have a competent magistrate present at the time and place named. *Thacher* v. *Williams*, 14 Gray, 324. Even where, through no fault of the debtor, the magistrate fails to be present, because absent from the Commonwealth on the day appointed, or, being present, is no longer qualified to act, it has been held that there is a breach of the recognizance. *Morrill* v. *Norton*, 116 Mass. 487. *Godfrey* v. *Munyan*, 120 Mass. 240. But we are not aware of any case, where a creditor, having waived a provision of the recognizance, intended for his own security, has been allowed to set up that there was a breach, because the debtor failed to comply with it. On the contrary, there are numerous cases where, by reason of some act done, notice given, or agreement made by the creditor, the debtor has been excused from strict performance. *Palmer* v. *Everett*, 7 Allen, 358. *Mutual Safety Ins. Co.* v. *Woodward*, 8 Allen, 148. *Lord* v. *Skinner*, 9 Allen, 376. *Pacific Ins. Co.* v. *Canterbury*, 104 Mass. 433.

In the several cases cited and relied on by the plaintiff, the agreement made by the creditor did not relate to or include the particular provision of the recognizance, for the breach of which the sureties were held liable. *Merrill* v. *Roulstone*, 14 Allen, 511. *Barber* v. *Floyd*, 109 Mass. 61. *Abbott* v. *Tucker*, 4 Allen, 72. But in this case, the agreement having been made because the magistrate could not be present and conduct the examination, the necessary result was that the debtor was excused from appearing before him, according to the terms of his recognizance.

The magistrate indorsed the adjournment on the agreement at the appointed hour, and, for the reasons previously stated, it is immaterial that he was not at the place appointed at the time. His action was not void, and he continued to have jurisdiction of the proceedings.    *Judgment for the defendant affirmed.*