HENRY S. HILLS & another *vs.* J. G. JONES & another.

Middlesex.    Jan. 10. — March 19, 1877.    COLT, J., absent.

One hour is allowed for the appearance of the magistrate and the parties, at an adjournment, from one day to another, of the examination of a poor debtor; and, if the debtor and creditor appear at the time fixed and remain until the expiration of the hour, but the magistrate does not appear until after that time, there is a breach of the recognizance, and the magistrate has no jurisdiction thereafter to continue the case or discharge the debtor.

CONTRACT on a recognizance entered into on July 10, 1875, under the Gen. Sts. *c.* 124, § 10, by the defendant Jones, as principal, and the other defendant as surety, and conditioned that Jones, who had been arrested on an execution in favor of the plaintiffs, should within thirty days from the day of his arrest deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon.

The case was submitted to the Superior Court, and after judgment for the plaintiffs, to this court on appeal, on an agreed statement of facts, in substance as follows :

The breach relied on was that at the time and place to which the examination of the debtor had been continued, namely, November 20, 1875, at one o'clock in the afternoon, at J. H. Tyler's office in Cambridge, the creditor and debtor duly appeared and remained until after two o'clock, but the magistrate did not appear or attend during the hour, and not until ten minutes after two o'clock of that day. No other magistrate attended to continue the proceeding. Both parties remained and were present when the magistrate appeared but did not proceed with the examination. The magistrate then requested the parties to proceed with the examination, but the creditor refused and objected to the farther jurisdiction of the magistrate in the premises on the ground that he had not appeared or attended until after the expiration of the hour.

Immediately after the creditor departed, the magistrate at the debtor's request continued the examination to another day at the same place, and gave the creditor five days' notice of such continuance, at which last named time and place the debtor appeared, and, the creditor or any one in his behalf not appearing, the magistrate discharged the debtor.

All the proceedings, prior to November 20, 1875, were legal, regular and proper. If there was a breach of the recognizance, judgment was to be entered for the plaintiff for $236; otherwise judgment for the defendants.

*W. S. Stearns*, for the plaintiffs.

*H. J. Boardman & C. Blodgett*, for the defendants.

LORD, J. It has been settled by a series of decisions, too numerous to be now questioned, that when a party gives notice of the intention to take the poor debtor's oath, one hour from the time fixed in the notice is allowed for debtor, creditor and magistrate to appear, and neither is in default till the expiration of a full hour. *Niles* v. *Hancock*, 3 Met. 568. *Hobbs* v. *Fogg*, 6 Gray, 251. *Adams* v. *Stone*, 13 Gray, 396. *Thacher* v. *Williams*, 14 Gray, 324. It is not therefore an open question in this Commonwealth. In *Niles* v. *Hancock*, the debtor did not appear till some ten minutes after the expiration of the hour, but the magistrates had been in attendance during the whole of the hour, and there had been no appearance of the creditor, and the court is careful to put its decision upon that ground, and to

limit it to the facts of that particular case, and to affirm the received opinion that an hour is the limit of right. In this case, there was an appearance at the time fixed; and an adjournment was ordered by the magistrate to another day, to wit, to November 20, 1875, at one o'clock. The magistrate however failed to appear within the hour, though both debtor and creditor appeared and waited till ten minutes past two o'clock, when the magistrate appeared; but the creditor objected to his jurisdiction upon the ground that the time had expired within which he had the right to act. Nor is this an open question. In *Phelps* v. *Davis*, 6 Allen, 287, and in *Sweetser* v. *Eaton*, 14 Allen, 157, the precise question arose as in this case, and, in both those cases, it was held that the same limitation of time applied to the adjournment of a proceeding already commenced, as to the time originally fixed. It is of the highest importance, in a matter of this kind, that the time at which all parties shall be bound to be represented be definite and certain; and, until the Legislature shall see fit to enact otherwise, one hour must be deemed to be that limit. Whatever the limit may be, a neglect to appear until ten minutes after its expiration would be just as unfortunate as in this case. See *Godfrey* v. *Munyan*, 120 Mass. 240, and cases there cited.

*Judgment affirmed.*