ARTHUR J. McLEOD vs. JOHN F. FREEMAN.

Suffolk. April 6. — 10, 1877. LORD & SOULE, JJ., absent.

At the expiration of the hour to which an examination of a poor debtor had been adjourned, the debtor not having appeared except by attorney, the plaintiff moved for a default, and the debtor's attorney at the same time filed a motion in arrest of judgment. The debtor was defaulted, and the motion in arrest of judgment was continued for hearing; and the magistrate, at an adjourned hearing which the creditor did not attend, took off the default and discharged the debtor. *Held*, that the magistrate, by adjourning the hearing on the motion in arrest of judgment, before making a final decision, retained jurisdiction of the whole case, and had authority to discharge the debtor.

CONTRACT on a recognizance entered into on June 18, 1875, under the Gen. Sts. *c.* 124, § 10, by Samuel G. Crowe as principal, and the defendant as surety, and conditioned that Crowe, who had been arrested upon mesne process in an action against him by the plaintiff, upon a judgment, should, within eight days, deliver himself up before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time and place fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon. Writ dated December 7, 1875. Trial in the Superior Court, before *Pitman*, J., who reported the case, after verdict, for the consideration of this court, in substance as follows :

The only question made at the trial was, whether there had been a breach of the recognizance upon the following facts : The debtor applied to a proper magistrate to take the oath for the relief of poor debtors, and due notice was given to the creditor to appear on June 22, 1875. That meeting was duly adjourned to July 8, 1875, and thence to July 15, 1875, when charges of fraud were filed by the creditor, pursuant to the provisions of the statute ; and on the same day the respective parties entered into and filed with the magistrate the following agreement in writing : " It is agreed that the decision in this case shall turn upon the charges of fraud solely." The hearing

was then continued, by successive adjournments, to November 27, 1875, at 9 o'clock in the forenoon, at which time the creditor and his counsel, and also the counsel for the debtor, were present, but not the debtor himself, and the debtor's counsel thereupon moved for a continuance, which the magistrate refused. At the expiration of the hour, the creditor moved for the debtor's default, and simultaneously the debtor's counsel made a motion in arrest of judgment, and filed the same. The debtor was defaulted, and the motion in arrest of judgment was continued for hearing by the magistrate to December 3. On December 1, a motion was filed by the debtor, supported by affidavits, to take off the default. On December 3, this and the motion in arrest were continued for hearing to December 9, and thence to December 10, neither the creditor nor his counsel appearing subsequently to the default. On December 10, the magistrate decided to remove the default, and adjourned the meeting to December 11, 1875, in order to give special notice thereof to the creditor, which was done, when the debtor duly appeared, and, the plaintiff making no appearance at the end of the hour, the magistrate administered the oath and discharged the debtor.

Upon these facts, the judge directed a verdict for the defendant. If the magistrate had jurisdiction and authority to discharge the debtor at the time, the verdict was to stand; otherwise, the verdict was to be set aside, and judgment rendered for the plaintiff.

*M. Fischacher*, for the plaintiff.

*W. W. Blackmar & H. N. Sheldon*, for the defendant.

GRAY, C. J. The debtor having appeared by attorney within the hour, and moved in arrest of judgment at the end of the hour, and at the very time when a default was moved for by the creditor and entered by the magistrate, and the magistrate having thereupon continued the motion in arrest of judgment for further hearing, the magistrate had made no final decision, but retained jurisdiction of the whole case; both parties were bound to appear at the times to which the matter was successively adjourned by the magistrate; the debtor, having appeared accordingly, made no default at any time appointed for the hearing upon the charges of fraud; and the orders of the magistrate, taking off the default, and, after special notice to the creditor,

discharging the debtor, were valid. Gen. Sts. *c.* 124, §§ 16, 34. *Mann* v. *Mirick*, 11 Allen, 29. *Sweetser* v. *Eaton*, 14 Allen, 157.                                          *Judgment on the verdict.*