## WARREN D. VINAL vs. SAMUEL A. TUTTLE.

Norfolk. Jan. 12. — Feb. 24, 1887. HOLMES & GARDNER, JJ., absent.

A trial justice, before the day to which a hearing before him for the examination of a poor debtor had been adjourned, sent his resignation of the office to the Governor, and, before the resignation had been accepted, informed the attorney of the creditor of the fact, and that he should ask the Governor to withhold it until the matters pending before him should be disposed of. The attorney told him not to do that on account of his matter; and when the trial justice said, "Then I will not let this stand in the way of my resignation," the attorney replied, "Do not do so." The trial justice thereupon had his resignation accepted before the day to which the hearing had been adjourned. *Held*, that the attorney had waived the condition of the recognizance given by the debtor, requiring the debtor's attendance; and that the creditor was bound by such waiver.

CONTRACT, upon a poor debtor's recognizance, entered into under the Pub. Sts. *c.* 162, § 28, by Robert S. Clisby as principal, and by the defendant as surety, and containing the usual conditions.

At the trial in the Superior Court, before *Brigham*, C. J., the following facts appeared:

Within thirty days from his arrest, Clisby appeared before Frederick D. Ely, a trial justice, having first given the notice required by law. The hearing was continued from time to time, and on January 10, 1885, it was continued to March 14, 1885, at four o'clock P. M.

On February 25, 1885, Ely tendered to the Governor of Massachusetts his resignation of the office of trial justice, to take effect on March 2, 1885. Upon receipt of said resignation, the Governor asked Ely if there were pending before him, in his office of trial justice, any matters which would require the exercise of his said office therein after March 2, 1885, and offering, if such was the fact, to withhold acceptance of said resignation until such matters were disposed of. Thereupon Ely called upon J. E. Cotter, an attorney at law, who had appeared before Ely, and had acted as counsel for the plaintiff in all the proceedings before Ely, informed him of said resignation, and of the proposal of the Governor in relation to the acceptance of said resignation, and the withholding of such acceptance until Ely could attend to matters pending before him, and said to Cotter, "The only matter you

have pending before me is Clisby's; do you wish to prosecute that further? If necessary to protect parties, I shall ask the Governor to withhold acceptance of my resignation until these matters are disposed of." Cotter said in reply, "Don't do that on account of the Clisby matter." Ely then said, "I did not suppose you would care to have me do so, as Clisby is in insolvency, and you would probably gain nothing by a hearing." Cotter assented to this remark, and afterward, when Ely and Cotter parted, Ely said to Cotter, "Then I will not let the Clisby matter stand in the way of my resignation." Cotter said, "Do not do so." Cotter, in the course of this interview, said, "The case of Clisby was not originally my case, and I was acting for Kilton, the original counsel in the case." Ely thereupon said, "I did not know that, and so came to you as the only counsel I had known in the matter," and Cotter replied, "That is all right." Ely's resignation of his office of trial justice was accepted, took effect on March 2, 1885, and Ely acted thereafter no further in the matter of Clisby's application to take the poor debtor's oath.

On March 14, Clisby appeared at the time and place to which the case had been continued. Ely not being then a magistrate authorized to act according to law, nor being present, Clisby procured the attendance of A. B. Wentworth, a trial justice, to act in the place of Ely, for the purpose of further continuing said case. At this time, the plaintiff appeared by counsel before Wentworth, and objected to the authority or right of Wentworth to continue or hear the case, but Wentworth, at the request of Clisby, ordered said case to be continued before him to April 11, 1885. On this last date, Clisby appeared at the time and place to which the case had been continued by Wentworth. There was no appearance in behalf of the plaintiff; and Wentworth, on said day, examined Clisby as to his property, and administered to him the oath for the relief of poor debtors, and ordered him to be discharged.

On these facts, the defendant requested the judge to rule, as matter of law, that the conduct of the plaintiff, through his attorney, waived all formalities of the debtor's appearing before Ely; and that the plaintiff was estopped from setting up as a breach the failure of the debtor to appear before Ely.

The judge refused to rule as requested, and ruled that the defendant was in default in the performance of the condition of the recognizance, and that the facts stated did not, in legal effect, constitute a waiver by the plaintiff, by which the defendant's liability was avoided; and ordered judgment for the plaintiff for the penal sum of said recognizance, and assessed damages and awarded execution in favor of the plaintiff in the sum of $138.17, being the amount of the plaintiff's judgment against Clisby, with interest.

The defendant alleged exceptions.

*R. W. Light*, for the defendant.

*J. F. Kilton*, for the plaintiff.

DEVENS, J. It is the duty of one who desires to take the oath for the relief of poor debtors to have a competent magistrate present at the time and place appointed for his examination. Even where through no act or omission of the debtor the magistrate fails to be present, or for any reason is no longer qualified to act, his recognizance is broken. *Thacher* v. *Williams*, 14 Gray, 324. *Morrill* v. *Norton*, 116 Mass. 487. *Godfrey* v. *Munyan*, 120 Mass. 240. *Mount Washington Glass Works* v. *Allen*, 121 Mass. 283.

Provision is made that when the magistrate is absent another magistrate may continue the proceedings for a time not exceeding thirty days, making a certificate thereof, to be delivered to the magistrate before whom the proceedings are pending; but as Ely had ceased to be a magistrate, this provision does not here apply, and the proceeding initiated by the debtor came to an end by this disability. Pub. Sts. 162, § 67. No provision is made for the conclusion of proceedings before a trial justice after he has ceased to hold that office.

It is competent for the creditor to waive provisions in the recognizance made for his own security, and the debtor has heretofore been held excused from strict performance of them by reason of acts done or agreements made by the creditor. *Mount Washington Glass Works* v. *Allen, ubi supra,* and cases cited.

The defendant does not and cannot rely upon the proceedings before Wentworth as discharging him from the recognizance, but contends that the conduct of the plaintiff, through his attorney, waived all the formalities of Clisby's appearance before Ely, and that the plaintiff cannot set up, as a breach, that Clisby did

not appear at the time and place fixed before a magistrate competent to act.

The facts found show that Ely, who had tendered his resignation, proposed to withhold the same, in accordance with the suggestion of the Governor of the Commonwealth, until he could dispose of all matters pending before him; that he inquired of the attorney of the plaintiff creditor whether he intended to pursue this matter further; that he understood, and had a right to understand, that it was not to be prosecuted further; and was told that its pendency need not stand in the way of his resignation.

These facts fairly establish a waiver by the plaintiff of his right to hold the defendant to the strict terms of the recognizance. The statement made by the plaintiff's attorney was within the scope of his authority, and one upon which the magistrate had a right to proceed in determining what his duty was in regard to cases pending before him, in connection with his intended resignation. There has been no omission on the part of the debtor; and the disqualification of the magistrate by resignation, by which the debtor might have been affected injuriously if it had occurred independently of the conduct of the plaintiff, has occurred by reason of that conduct. The plaintiff cannot be allowed to insist that the debtor has failed to appear at the time and place named before a competent magistrate, and has thus broken his recognizance, when he has induced the magistrate, who proposed to withhold his resignation "if necessary to protect parties," to persist in resigning. It was by his own act that the proceedings were brought prematurely to a close. In *Palmer* v. *Everett*, 7 Allen, 358, it was held that, where the plaintiff obtained an injunction against a magistrate forbidding him to act, he had himself terminated the proceedings; that there was nothing further that it was possible for the debtor to do; and thus that he must be deemed to have performed the condition of his recognizance. In principle that case is decisive of the one at bar.

*Exceptions sustained.*