JOSEPH B. SANFORD *vs.* JOHN QUINN.

Suffolk.    March 15, 1888. — May 5, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Poor Debtor — Examination — Magistrate — Jurisdiction — Adjournment —*
*Recognizance — Waiver.*

A magistrate, who adjourns a hearing upon an application to take the poor debt-
or's oath to a certain day, has no jurisdiction before that day to order a further
adjournment, and if, having done so, neither he nor any other competent magis-
trate attends at the day first fixed, there is, in the absence of any waiver, a
breach of the debtor's recognizance.

CONTRACT on a poor debtor's recognizance, entered into by
David Lockhead as principal and by the defendant as surety.
Trial in the Superior Court, without a jury, before *Thompson,* J.,
who allowed a bill of exceptions, in substance as follows.

Lockhead, against whom judgment had been recovered by the
plaintiff, and who was duly arrested on execution, gave notice of
his desire to take the oath for the relief of poor debtors, and an
examination was had before a master in chancery, who con-
tinued it until May 20, 1886, and again until June 2, 1886. On
June 1, 1886, the magistrate, who intended to be absent on
June 2, 1886, notified the plaintiff and Lockhead's attorney by
a notice, which was received by the plaintiff on June 2, 1886, at
about six minutes before nine o'clock A. M., that the examination
was further continued until June 9, 1886, at nine o'clock A. M.
The bill of exceptions recited, that " the record of said magis-
trate was made up on the first day of June, A. D. 1886, and
showed said case continued until June 9, 1886 "; but a copy
of the record appended thereto set forth under the word " ad-
journed " the following entries only: " May 20th, '86, 9 A. M.
June 2d, '86, 9 A. M.    June 9th, '86, 9 A. M." On June 9,
1886, Lockhead appeared before the magistrate, and, as the
plaintiff did not appear within the hour, took the oath for the
relief of poor debtors, and was discharged from arrest.

The defendant asked the judge to rule that the plaintiff could
not recover; but the judge refused so to rule, and ruled that the

magistrate had no authority on June 1, 1886, to continue the hearing until June 9, and found for the plaintiff. The defendant alleged exceptions.

*O. A. Galvin,* for the defendant.

*R. Lund & J. B. Sanford,* for the plaintiff.

C. ALLEN, J. The ruling of the court, to which exception was taken, was that the magistrate had no authority on the first day of June (that being the day before the day to which the case had been adjourned) to continue the case until the ninth day of June. No question was raised at the trial as to the construction of the magistrate's record, and no request was made to have it written out in full. The question before us must therefore now be considered as if the record showed an adjournment of the case to June 2d, and an order of the magistrate passed on June 1st for an adjournment from June 2d to June 9th, he not being present at all on June 2d. No injustice will be done to the parties by this assumption, since the counsel on both sides have argued the case on this basis only.

No decision has been pointed out to us, and we know of none, which in any way recognizes the doctrine that such a magistrate has jurisdiction to act except at fixed times. He may adjourn the case from time to time, and, if he fails to attend at the time and place fixed, any other competent magistrate may attend and continue the proceedings. Pub. Sts. c. 162, §§ 35, 67. Similar provisions exist respecting trial justices. Pub. Sts. c. 155, §§ 20, 21. But there are no statutory provisions respecting such magistrates analogous to that which now enacts that the Supreme Judicial Court and the Superior Court shall be always open in every county, and there shall no longer be any terms thereof. St. 1885, c. 384, § 2. The jurisdiction of the magistrate depended on his attendance at the time and place fixed, and he had no authority on the day before to pass any order in the case. There are numerous decisions which show that it is the duty of the debtor, at all hazards, to have a competent magistrate present at the time and place appointed for his examination. *Vinal* v. *Tuttle*, 144 Mass. 14, and cases cited. He failed to do so. There was no waiver on the part of the plaintiff. The result is that there was a breach of the recognizance.

*Exceptions overruled.*