JOSEPH RADOVSKY *vs.* ABRAHAM SPERLING & another.

Bristol. October 25, 1904. — January 5, 1905.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Poor Debtor.*

If a poor debtor, who is charged with fraud under R. L. c. 168, § 17, cl. 2, and who has entered into a recognizance for his appearance for examination, voluntarily makes default by failing to appear at the time and place appointed for the hearing, under §§ 52 and 55 of the same chapter he has forfeited the benefit of the proceedings under the provisions of the chapter, and there is a breach of his recognizance.

CONTRACT on a poor debtor's recognizance against Abraham Sperling as principal and Israel Ziman as surety. Writ in the Second District Court of Bristol dated December 14, 1903.

On appeal to the Superior Court the case was tried before *Aiken*, J., without a jury. At the close of the evidence, the substance of which is stated in the opinion, the plaintiff asked the judge to make the following rulings: 1. Upon all the evidence the plaintiff is entitled to recover. 2. After the defendant's default on December 2, and after the refusal to him of the oath, the defendant, Sperling, was not entitled to the benefit of any of the provisions under R. L. c. 168. 3. After the judgment debtor had delivered himself up for examination before the judge of the Second District Court of Fall River the judge of the Third District Court in New Bedford had no jurisdiction in the matter.

The judge refused to rule as requested, and found for the defendants. The plaintiff alleged exceptions.

*D. R. Radovsky*, for the plaintiff.

*F. Wasserman*, for the defendants.

HAMMOND, J. This is an action on a poor debtor's recognizance. From the record of the Second District Court of Bristol it appears that charges under the first and second clauses of R. L. c. 168, § 17, were filed by a judgment creditor against the defendant Sperling, the judgment debtor ; that after a hearing thereon a certificate for his arrest upon the execution was issued ; that on November 12, 1903, Sperling was arrested and brought before the court, and that on the same day he with one Ziman, the other defendant in this case, as his surety entered into the recognizance ; that on November 27, Sperling filed in the same court an application for leave to take the oath for the relief of poor debtors, and on the same day notice thereof was issued to the judgment creditor to appear at that court on December 1, and examine the debtor. The record continues as follows : " On this December 1st, 1903, the debtor appeared and after being duly sworn was partially examined. The hearing was then continued to December 1st, 1903, at two o'clock P. M., at the court rooms of the Second District Court. Then the hearing was adjourned until December 2, 1903, at nine o'clock A. M., at the court rooms of the Second District Court. Then the judgment debtor, Sperling, was defaulted and the oath for the relief of poor debtors was refused."

The evidence offered by the defendants tended to show that on December 5 Sperling applied to the Third District Court of Bristol, to take the oath for the relief of poor debtors, and that on December 15, the creditor although duly notified not being present, the oath was administered by a judge of that court to Sperling, and he was discharged from arrest, the judge making the proper certificate thereof.

It is contended by the defendants that, after Sperling had been defaulted in the first court to which he applied, that court had no jurisdiction to proceed further in the matter, and that the order refusing the oath was *coram non judice*, and therefore that the provision in R. L. c. 168, § 35, that if the oath has been refused another application to take it " shall not be made by the

defendant or debtor within seven days from the hour of such refusal," is not applicable. We have not found it necessary, however, to consider this question because we are of opinion that, even if this contention be correct, still the plaintiff is entitled to recover upon a ground to which this is in no sense material.

It is to be borne in mind that the affidavit of the creditor contained two charges, the second being one of fraud in accordance with the second clause of R. L. c. 168, § 17. While this charge is very general, and, before pleading, the debtor might be entitled to have specifications filed, if he seasonably requested, (*Stockwell* v. *Silloway*, 100 Mass. 287, *Frost's case*, 127 Mass. 550, 554,) yet in the absence of such a request, or where the charge can be made specific by its reference to the action or otherwise, the charge may be regarded as sufficiently definite for the purpose of the examination thereon. *Noyes* v. *Manning*, 162 Mass. 14. The record of the first court to which the debtor applied does not recite that he had pleaded formally to this charge of fraud, but the hearing was upon both charges, the second as well as the first, and the debtor defaulted at a time appointed for the hearing. The case is therefore within R. L. c. 168, § 55, which, when read in connection with §§ 17 and 52 of the same chapter, provides in substance that when such a charge is made or filed on affidavit for arrest or pending the examination of the debtor, " if the debtor voluntarily makes default at a time appointed for the hearing, . . . he shall have no benefit from the proceedings under the provisions of this chapter " except as stated in another part of the same section, which is not material to this case. It follows that the second court to which the debtor applied had no jurisdiction, and there was a breach of the recognizance, and the first ruling requested by the plaintiff should have been given.

*Exceptions sustained.*