JOSEPH RADOVSKY *vs.* ABRAHAM SPERLING & another.

Bristol.    October 24, 1905. — November 28, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Poor Debtor.*

If the only charge filed by a judgment creditor against a judgment debtor whom he has caused to be arrested upon an execution is under the first clause of R. L. c. 168, § 17, that the debtor has property not exempt from being taken on execution which he does not intend to apply to the payment of the plaintiff's claim, and if the debtor, having filed an application to the judge of a district court for leave to take the oath for the relief of poor debtors, commits a breach of his recognizance by failing to appear within an hour of the time to which his examination has been continued, and the judge enters a default, this exhausts the jurisdiction of the judge, and he lawfully cannot make an order refusing the debtor the oath for the relief of poor debtors. If he enters such an order it has no force and does not prevent the judge of another district court from administering the oath to the debtor on an application made within seven days from the hour of such attempted refusal, if the notice is given more than seven days after the service of the former notice.

CONTRACT on a poor debtor's recognizance against Abraham Sperling as principal and Israel Ziman as surety. Writ in the Second District Court of Bristol dated December 14, 1903.

On appeal to the Superior Court there was a finding for the defendants, and exceptions taken by the plaintiff were sustained by this court in the decision referred to in the opinion. The case came on again for trial in the Superior Court before *White*, J., who made the following memorandum of findings:

" The counsel for the parties agreed and I find that the facts herein are the same as stated by Mr. Justice Hammond in his opinion under date of January 5, 1905, rendered in the Supreme Judicial Court in case of *Radovsky* v. *Sperling et al.* and as they further appear in the annexed agreement of counsel, except so far as controlled by the annexed record of the Second District Court of Bristol. From this record of the Second District Court of Bristol I find that no hearing was had upon either of the five last named charges in section seventeen of chap. 168 of the Revised Laws.

" Upon these facts and findings, I refused to rule as requested

by the plaintiff that the action could be maintained, but ruled as requested by the defendant that the action could not be maintained, and found for the defendant."

From the copy of the record of the Second District Court of Bristol referred to by the judge it appeared that the plaintiff had filed a charge under R. L. c. 168, § 17, cl. 1, that the defendant had property not exempt from being taken on execution which he did not intend to apply to the payment of the plaintiff's claim. The plaintiff alleged exceptions.

*D. R. Radovsky*, for the plaintiff.

*F. Wasserman*, for the defendants.

SHELDON, J. This is an action on a poor debtor's recognizance, and the facts are exactly the same as stated in the report of this case in 187 Mass. 202, except that it now appears that the only charge filed by the judgment creditor in the Second District Court of Bristol was that mentioned in the first clause of R. L. c. 168, § 17, and that the examination of the judgment debtor, which was begun in that court upon his application to take the oath for the relief of poor debtors, was upon this charge only. The single question in the case therefore is whether the judge of that court, upon the default of the judgment debtor for failing to appear at the time to which the hearing had been adjourned, had jurisdiction also to refuse the oath for the relief of poor debtors.

We are of opinion that the judge had not such jurisdiction. The default of the debtor was entered in his absence, and apparently for his failure to be present at the expiration of the hour allowed. It could accordingly have been entered only at the expiration of the hour. *Hills* v. *Jones*, 122 Mass. 412. *Sweetser* v. *Eaton*, 14 Allen, 157. *Russell* v. *Goodrich*, 8 Allen, 150. And after the hour had elapsed without any appearance by the debtor or continuance or adjournment of the hearing, the jurisdiction of the judge was exhausted, and he no longer had the power either to grant or to refuse the oath to the judgment debtor. *Russell* v. *Goodrich*, *ubi supra*. *Sweetser* v. *Eaton*, *ubi supra*. *Lincoln* v. *Cook*, 124 Mass. 383, 386. A *fortiori* this would be so when the debtor's examination was unfinished. The breach of the recognizance is completed for the time being by the default; and any subsequent proceedings are beyond the

power of the court.  *Damon* v. *Carrol*, 163 Mass. 404.  *Morgan* v. *Curley*, 142 Mass. 107.  *Fuller* v. *Meehan*, 118 Mass. 135.

No doubt the judgment creditor might waive his right to avail himself of this default and to sue for a breach of the recognizance, as was held in *Vinal* v. *Tuttle*, 144 Mass. 14, and *Mount Washington Glass Works* v. *Allen*, 121 Mass. 283, and cases there cited ; but, apart from the fact that it is difficult to see how, after having waived a default, he could set it up as ground for requiring other final action upon the default, it does not appear that there was any such waiver.  Doubtless also the magistrate, if he chooses, can retain jurisdiction, after the hour, upon his own action taken within the hour, as held in *Mann* v. *Mirick*, 11 Allen, 29, or upon any question of sentence or motion in arrest of judgment under R. L. c. 168, §§ 52, 55, raised before the default is entered, as in *McLeod* v. *Freeman*, 122 Mass. 441. But no question of that kind arises in this case.

We are therefore of opinion that this magistrate had no jurisdiction to refuse the oath for the relief of poor debtors to this judgment debtor after his default upon the first charge mentioned in R. L. c. 168, § 17.  It follows that the second notice, having been given more than seven days after service of the former one, and there having been no valid refusal of the oath under the first notice, was issued properly under R. L. c. 168, § 35 ; * and the debtor having been discharged thereon, there was no breach of the condition of the recognizance.

                                        *Exceptions overruled.*

---

* The default in the Second District Court of Bristol was on December 2, 1903.  On December 5, 1903, Sperling applied to the Third District Court of Bristol to take the oath for the relief of poor debtors, and the oath was administered to him by the judge of that court on December 15, 1903. Sperling's notice of his application to the Second District Court of Bristol was served upon the plaintiff as judgment creditor on November 27, 1903.