PACIFIC MUTUAL INSURANCE COMPANY *vs.* CHARLES CANTERBURY.

SAME *vs.* THOMAS SMITH.

A judgment creditor, whose debtor had entered into a recognizance under the Gen. Sts. c. 124, § 10, agreed that in case the surety should desire to surrender his principal a new surety might be examined and approved by the magistrate, and waived notice of the examination. The debtor appeared before the magistrate at the time appointed for such a surrender; the surety surrendering him was not present, nor did he procure the attendance of an officer; and the magistrate approved a new surety, and took his recognizance in lieu of the former one. *Held*, that there was a sufficient constructive surrender of the debtor; and that the first surety was discharged, and the second surety held, on the recognizance.

Two ACTIONS OF CONTRACT on a recognizance under the Gen. Sts. c. 124, § 10, entered into by Richard W. Sears, as principal, and by Charles Canterbury, and afterwards in lieu of him by Thomas Smith, as surety. The cases were submitted together to the judgment of the superior court, and, on appeal, of this court, upon facts agreed substantially as follows:

Sears having been taken on execution upon a judgment in favor of the plaintiffs, and having entered into the recogni zance with Canterbury as surety, subsequently notified the plaintiffs in writing of his desire to take on April 1 the oath for the relief of poor debtors, and on the notice the plaintiffs' attor- ney signed this indorsement: " I hereby accept service of the above notice, and consent that the examination may be post- poned till Monday, April 12, at twelve o'clock, M.; and in case that the surety upon the recognizance heretofore entered into desires to surrender his principal, I agree that a new surety may be examined and approved by the commissioner, and waive notice of such examination." On April 1, Sears appeared be- fore the commissioner, but there was no appearance for the plaintiffs, nor was Canterbury present, nor did he procure the attendance of any officer. The commissioner examined Smith and approved him as surety in lieu of Canterbury, took his rec- ognizance, and adjourned the examination to April 12. On April 12 Sears appeared, but took his departure before the expiration of the hour appointed for the hearing, without being examined and without leave of the magistrate; whereupon he was de- faulted and judgment rendered against him on the recognizance.

*C. W. Loring & S. Snow*, for the plaintiffs.

*C. E. Allen*, for the defendants.

AMES, J. By the terms of the Gen. Sts. *c.* 124, § 11, " a per- son taken on execution, and recognizing for his appearance to take the oath for the relief of poor debtors, may, if surrendered by his surety, recognize anew," &c. And by § 17 the magis- trate may accept his recognizance pending the examination, and at any time after the debtor is carried before him. The only question, therefore, with regard to the defendant Canterbury would seem to be this, Was the debtor surrendered by his surety? It does not appear that any officer holding the precept by virtue of which the arrest was made was present to receive the debtor into actual custody, and it does appear that Canterbury was not personally present before the magistrate. But the plain infer- ence from the agreement of the plaintiffs' attorney, indorsed upon the notification, seems to be, not merely that the examina-

tion was to be postponed for several days, but that there would be a movement on the part of the judgment debtor and his surety Canterbury to relieve the latter from his liability, and also that there was a consent on the part of the plaintiffs' attorney that Canterbury should be so relieved, provided another surety, satisfactory to the magistrate, should be substituted in his place. It is obvious that the surrender contemplated by the statute does not necessarily, and under all circumstances, mean a literal surrender into the custody of an officer. Under the agreement in this case, the presence of an officer would have been entirely needless and unimportant. There would have been nothing for him to do. The parties evidently did not contemplate a literal arrest, or anything more than a constructive surrender. The true meaning of the agreement manifestly is, that a new surety may be taken in place of the former one, in the same manner and with the same effect as if the judgment debtor had been brought before the magistrate, delivered into the custody of the officer holding the precept, and then allowed to recognize anew. This was an agreement which it was perfectly competent for the parties to make. The judgment creditor is always at liberty to waive formalities that are intended for his security, if he should see fit to do so. See *Mutual Safety Insurance Co.* v. *Woodward,* 8 Allen, 148; *Lord* v. *Skinner,* 9 Allen, 376. The agreement was made in the interest and for the benefit of Canterbury, and imports that the offer of the new surety was to be in effect for the purpose of relieving him. The substitution was not for the benefit of the debtor, or to render him any less or more liable than he was already. Under the agreement, the appearance of the debtor before the magistrate would have the same effect as if he were brought there by Canterbury. It must be assumed that he came there at the request of Canterbury, or at least in pursuance of his obligation to him. It seems to us, therefore, that Canterbury stands on the same footing as if he had made a formal surrender of his principal, and that he is not liable on his recognizance.

The same considerations that liberate him, however, are conclusive against the other party, Smith. It is not to be inferred

from the facts agreed, that Smith's presence before the magistrate was accidental, or that he was ignorant of the true state of the case. If the magistrate could rightfully treat the presence of the debtor as a constructive surrender, (and under the agreement we think that he could,) he not only could, but was bound to, take a new recognizance. And upon that new recognizance, into which Smith voluntarily entered, he must be held liable in the action against him. In the suit against Canterbury, judgment must be given for the defendant, and, in the suit against Smith, judgment for the plaintiffs. *Judgment accordingly.*