THADDEUS BULLEN *vs.* NICHOLAS B. DRESSER & another.

Essex. November 4. — 6, 1874. AMES & DEVENS, JJ., absent.

In an action on a recognizance conditioned that A. should deliver himself up for examination within thirty days, judgment was entered in the court below for the defendants on agreed facts from which it appeared that A. had been arrested on execution and entered into the recognizance, and that before the expiration of the thirty days the plaintiff accepted from A. a due bill for a less sum than the execution, and gave a receipt not under seal, declaring it to be " in discharge of all proceedings under said execution, provided that A. shall pay said due bill at maturity ; until said maturity of said due bill, the liability of said A. under said execution is to remain as at present." The due bill was not paid. *Held*, on appeal, that although the receipt could not operate as a present discharge of the execution, or release of the judgment or the debt, or as an accord and satisfaction, yet that the facts agreed would warrant the inference of fact that the plaintiff intended to release A. from the arrest on the execution, or that it was intended to lead A. to suppose that he was so released, and that he omitted to deliver himself up in reliance upon the supposed discharge. *Held, also,* that upon an appeal it would be presumed in favor of the judgment that such inferences were drawn, and that neither the defendant nor a surety on the recognizance was liable.

CONTRACT on a recognizance entered into by Nicholas B. Dresser as principal, and Robert P. Sargent as surety.

The case was submitted to the Superior Court, and, after judgment for the defendants, to this court on appeal, on an agreed statement of facts, the nature of which appears in the opinion. It also appeared that the due bill given by Dresser to the plaintiff was not paid, and that this action was brought after it became due.

*E. C. Dubois*, for the plaintiff.

*J. P. Jones*, for the defendants.

WELLS, J. The plaintiff, having obtained judgment against Dresser, caused him to be arrested upon the execution issued

thereon. Dresser entered into a recognizance, with the other defendant as surety, with condition to deliver himself up for examination within thirty days thereafter. A short time before the expiration of the thirty days the plaintiff accepted from Dresser an agreement for payment of a sum, slightly less than the amount due on the execution, in six months after date ; and gave a receipt declaring it to be " in full discharge of all proceedings under said execution, provided the said Dresser shall pay said due bill at maturity ; until said maturity of said due bill the liability of the said Dresser under said execution is to remain as at present."

The plaintiff rightly contends that this receipt, not being under seal, nor supported by any legal consideration, could not operate as a present discharge of the execution, or release of the judgment or of the debt. The new promise and receipt together do not constitute a good accord and satisfaction. But an agreed statement is always construed as a submission of the case stated to decision upon its real merits, rather than upon the pleadings, unless it is provided otherwise by the terms of the submission.

In this case the agreed facts would warrant either of two inferences, which are inferences of fact. First, that the plaintiff intended by the arrangement with Dresser to release him from arrest on the execution. Second, that it was intended to lead Dresser to suppose that he was so released, and that there would be no further occasion for him to deliver himself up for examination ; and that he did omit to deliver himself up, in reliance upon the supposed " discharge of all proceedings under said execution." It is difficult to understand the object of the arrangement unless there was a purpose to effect one or the other of these results.

In support of the judgment appealed from, which is conclusive upon all facts and inferences of fact, we must presume that such inference was made by the court below. In either aspect such a release would operate not only to discharge Dresser from arrest, but also, as a consequence thereof, to discharge his surety from the recognizance. No consideration would be necessary to give it such operation. It is merely an exercise of that control over the process to enforce payment of the debt, which the plaintiff or his attorney may exercise at any time when he sees fit. The judgment of the court below for the defendant is therefore

*Affirmed.*