GILMAN A. ANDREWS *vs.* AARON KNOWLTON & another.

Essex.   November 9. — 29, 1876.   COLT, DEVENS & LORD, JJ., absent.

Evidence of an agreement between a creditor and a debtor, who had entered into a recognizance under the Gen. Sts. *c.* 124, § 10, in the presence of his sureties, that the debtor need not deliver himself up for examination or give the required notice; that neither he nor his sureties need take any further action upon or by reason of the recognizance; and that they were wholly free from the same, is admissible in an action on the recognizance against the sureties, and will justify a finding that the creditor had waived the conditions of the recognizance requiring attendance and notice.

CONTRACT on a recognizance entered into under the Gen. Sts. *c.* 124, § 10, on December 24, 1875, by Abraham Day as principal, and the defendants as sureties, and conditioned that Day, who had been arrested on an execution in favor of the plaintiff, should, within thirty days from the time of his arrest, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon.

At the trial in the Superior Court, before *Bacon*, J., without a jury, the plaintiff put in evidence tending to prove that Day did not give the notices or deliver himself up for examination as required by the recognizance. The defendants then offered evidence tending to prove that on January 22, 1876, Day and the

defendants, and H. C. Hubbard, the attorney for the plaintiff, were together in Gloucester, where a sale had that day been made of the equity of redemption of Day, in certain real estate, on execution, and a considerable sum realized therefrom, over and above the incumbrances and the execution debt; that the counsel for the plaintiff then agreed that Day need not deliver himself up for examination, or give the notice required in such cases, that he would collect the debt, for which the execution was issued against Day, out of the proceeds of the sale of the real estate above named; that neither Day nor the defendants need take any further action upon or by reason of the recognizance, and that they were wholly free from the same; and by reason of this agreement Day did not deliver himself up, and give the notice required by the recognizance.

The judge refused to admit this evidence, and ruled that, if the facts were proved as the defendants offered to prove them, it would not be a defence to the action, and found for the plaintiff in the penal sum of the recognizance. The defendants alleged exceptions.

*H. N. Woods,* for the defendants.

*S. B. Ives, Jr.,* (*H. C. Hubbard* with him,) for the plaintiff.

ENDICOTT, J. The court is of opinion that the evidence excluded was competent, and, if admitted, would have justified a verdict for the defendants. They offered to prove an agreement made by the counsel for the plaintiff, the debtor and his sureties being present, to the effect that the debtor need not deliver himself up for examination or give the required notice, that neither the debtor nor his sureties need take any further action upon or by reason of the recognizance, and that they were wholly free from the same. This agreement, if proved, was a waiver of the terms of the recognizance in these particulars, and the plaintiff would be precluded from setting up a breach because the debtor failed to deliver himself up and give the necessary notice within the thirty days. *Lord v. Skinner,* 9 Allen, 376. *Mount Washington Glass Works v. Allen, ante,* 283, and cases cited.

A creditor, who by his agreement has waived the performance of the conditions of a recognizance, and informed the debtor and his sureties that those particular conditions need not be complied with, cannot, on failure or omission to perform, set up that there

has been a breach of the recognizance. It is true that an omis-
sion or failure, on the part of the debtor, to do something which
the recognizance requires, constitutes a breach; but the act of
omission is not a breach, if done with the consent of the creditor
and in consequence of an agreement made with him. The agree-
ment in this case was in effect a release of the debtor from obli-
gation to appear, and a waiver of all right to continue the exam-
ination and pursue the arrest on execution.

The plaintiff contends that such a release would have operated
as a satisfaction of the judgment; *Coburn* v. *Palmer*, 10 Cush.
273 ; and could not have been contemplated by the counsel for
the plaintiff, because he stated at the time that he intended to
satisfy the execution from other property. But a mistake on
the part of the counsel, as to the legal consequences of releasing
the debtor, cannot affect the positive agreement that the debtor
need not appear, upon which agreement the debtor acted. In
*Merrill* v. *Roulstone*, 14 Allen, 511, upon which the plaintiff re-
lies, the creditor and debtor agreed that the latter should pay
ten dollars monthly to an amount less than the judgment and in
full satisfaction of it. The question was whether this agreement
absolved the debtor from obligation to appear before the magis-
trate at the adjournment of the examination. It was held that
it did not ; that the only agreement between the parties related
to the payment of money ; and that it was not within their con-
templation, or within the legal effect of the agreement, that the
debtor need not appear before the magistrate, which would oper-
ate as a satisfaction of the judgment. In *Abbott* v. *Tucker*, 4
Allen, 72, the agreement had reference to the payment of the
debt, and it was decided that it did not discharge the surety. In
neither of those cases, was there any agreement that the debtor
need not appear before the magistrate ; and no such agreement
could be inferred from a contract to settle the debt or execution
by the payment of a sum of money. In this case, the agreement
offered in evidence was direct and explicit that the debtor need
**not appear.**                            *Exceptions sustained.*