CHARLES H. CHELLIS *vs.* FREEMAN LEAVITT & another.

Suffolk. March 7. — April 6, 1878.

In an action against a surety on a recognizance, entered into under the Gen. Sts. *c.* 124, § 10, the answer set up, and the evidence tended to show, that, before the expiration of the thirty days, the principal defendant notified the plaintiff that he should take the oath for the relief of poor debtors ; that thereupon the plaintiff, in consideration that the principal defendant would waive his right to take the oath, agreed to accept from him a sum less than the amount of the debt, to be paid by weekly instalments, in full settlement of the debt, and discharge the recognizance ; that the surety was notified of this agreement, and that such payment was made by the principal defendant. *Held*, that this amounted to a waiver by the plaintiff, and was a good defence to the action.

CONTRACT against Freeman Leavitt and George W. Stacy, on a recognizance, entered into under the Gen. Sts. *c.* 124, § 10, on January 14, 1876, by the first named defendant as principal and the other as surety; and conditioned that Leavitt, who had been arrested on an execution in favor of the plaintiff, should, within thirty days from the day of his arrest, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time fixed for his examination, and abide the final order of the magistrate thereon. Writ dated November 2, 1876. The only answer filed was by Stacy. This contained a general denial, and alleged, that Leavitt, after he had entered into the recognizance, and before the expiration of the thirty days from the date thereof, notified the plaintiff that he should take the oath for the relief of poor debtors; and thereupon, before the expiration of the thirty days, the plaintiff agreed with Leavitt that if he would waive his right to give such notice and take the oath for the relief of poor debtors, the plaintiff would accept a certain sum, being much less than the original debt, to wit, the sum of $115, which amount the plaintiff represented that he had paid out in the matter, together with a small sum for the plaintiff's fees, and that the same should be deemed to be in full satisfaction of said debt and execution, and that the plaintiff would thereupon discharge said recognizance, and this defendant as surety therein, and would take in settlement of said sum from Leavitt five dollars per

week for each and every week thereafter until the whole sum was paid, and that Leavitt then and there agreed with the plaintiff to waive the oath for the relief of poor debtors and to pay the plaintiff said sum of five dollars per week, and so notified the surety, and did so pay him thereafter in all about $100.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff, before any evidence was put in, requested the judge to rule that this answer did not set up any defence; but the judge refused so to rule.

Leavitt testified, in behalf of the defendant, that, about four or five days before the expiration of the thirty days, he went to the plaintiff's office, and told him that, unless some arrangement could be made, he should have to take the poor debtor's oath ; that the plaintiff said that, if he was paid what he had paid out and costs, he should be satisfied, agreed to take five dollars a week, and said that the surety would be discharged ; that the amount to be paid was not fixed ; that the witness paid the plaintiff the first five dollars on Saturday, February 12, the day agreed upon for the first payment, and the day before the expiration of the thirty days, and he accepted it ; that he paid him regularly five dollars a week, with the exception of one or two weeks ; that he asked the plaintiff, several times after, how much he had got to pay him ; and he said he would look over his papers and see ; that when he paid him last, in July, the plaintiff said that he would have to make two or three more payments ; that he never paid him any after the last of July, 1876 ; that he paid him in all about $100, or $105 ; that he told Stacy upon his return home, after the first agreement, that he had arranged it with the plaintiff and he was released.

Stacy testified that Leavitt informed him of this agreement with the plaintiff before the expiration of the thirty days, and he took no further notice of it ; that when this action was brought he went to the plaintiff's office and told him he had understood from Leavitt that the latter had agreed to waive the taking of the poor debtor's oath upon the plaintiff's agreeing to receive from him so much a week towards payment of the debt, and that he, the surety, was released ; and that he did not recollect that the plaintiff said anything.

Stacy was not present at or a party to the arrangement with the plaintiff. The plaintiff denied that any such arrangement was made as set forth in Stacy's answer, or as testified to by Leavitt, and called other witnesses, who confirmed his testimony.

The plaintiff requested the judge to instruct the jury that the agreement which the defendants set up was an agreement wholly without consideration, so far as the plaintiff was concerned, and did not create any obligation upon him. The judge declined so to rule, and the plaintiff excepted.

The judge ruled that the answer set out, substantially, a good defence as to Stacy, and that, if the jury found that the agreement alleged was made between the plaintiff and Leavitt, and acted upon by them, and Leavitt, by reason of such agreement, did not give his notice, it was a new arrangement as to the payment of the debt, which discharged Stacy upon the recognizance, and their verdict must be for him. To this ruling no exception was taken.

The jury returned a verdict for the defendant Stacy; and the plaintiff alleged exceptions to the refusal to rule as requested.

*C. H. Chellis*, *pro se*, cited *Abbott* v. *Tucker*, 4 Allen, 72.

*J. L. Eldridge*, for Stacy.

BY THE COURT. The answer substantially set up, and there was evidence tending to prove, a waiver by the plaintiff, which was a sufficient defence to the action. *Andrews* v. *Knowlton*, 121 Mass. 316. *Exceptions overruled.*