PATRICK MᶜINERNY vs. LAWRENCE A. SAMUELS & another.

Hampden.   Sept. 25. — Oct. 21, 1878.   AMES & SOULE, JJ., absent.

If the notice of a person's desire to take the oath for the relief of poor debtors, issued by a magistrate having jurisdiction of the subject matter and of the parties, is given before the expiration of seven days from the time of giving a prior notice, the appearance of the creditor before the magistrate, without objection, at the hearing on the second notice, is a waiver of his right to contest the validity of that notice, although the first notice was sufficient in form and service.

CONTRACT upon a poor debtor's recognizance, entered into under the Gen. Sts. c. 124, § 10, on June 15, 1877, by the defendant Samuels as principal, and the other defendant as surety, and containing the usual conditions.   The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, upon an agreed statement of facts, the material parts of which appear in the opinion.

W. G. White, for the plaintiff.

F. H. Gillett, for the defendants.

LORD, J.   The question to be determined in this case is, whether, upon the facts agreed, there has been a breach of the condition of the recognizance declared on.

On June 15, 1877, Samuels was arrested on an execution in favor of the plaintiff, and entered into the recognizance; and, on July 9, applied to a master in chancery, informing him that he desired to take the oath for the relief of poor debtors, and requested that a time be fixed for the examination.   The record of the master in chancery recites that he thereupon fixed July 13, at two o'clock in the afternoon, and his office in Springfield, as the time and place for such examination, and thereupon issued a notice to the judgment creditor, and delivered it to Samuels, which notice was never returned to him, and no proceedings were ever had by him in accordance therewith; that on July 11, learning that the time named in the notice was not the time so fixed by him, but another time, to wit, July 18, he informed the attorney of the judgment creditor that the notice which had been served upon such attorney was defective in form, inasmuch as it named a time for the examination of Samuels which had not been fixed, and did not name the time which had been fixed,

and that he should issue a new notice in substitution for such erroneous notice, and cause it to be served; that thereupon he did issue such notice on July 11, naming the time so fixed, to wit, July 13, at two o'clock in the afternoon, as the time, and his office in Springfield as the place, for such examination, and caused the same to be served, as appears by the return of the officer.

It was further agreed, if competent, that a notice, dated July 9, 1877, naming July 18, 1877, as the time for the hearing, was seasonably and duly served on the plaintiff's attorney. Assuming it to be competent evidence, the plaintiff contends that, the magistrate having fixed July 18, and given notice of the same on July 9 to the creditor, his subsequent notice, dated July 11, fixing the date as July 13, was improperly issued on July 11, the previous notice of July 9 not being defective in form or service; inasmuch as by the Gen. Sts. *c.* 124, § 14, it is provided that, when a defendant has given notice of his desire to take the oath for the relief of poor debtors, no new notice of the same shall be given until the expiration of seven days from the service of the former notice, unless the former was insufficient in form or service; and, consequently, that all the proceedings under the notice of July 11 were *coram non judice,* and therefore absolutely void.

We think, however, that such is not a true view of the case. A notice was, in fact, given on July 11, citing the party to appear on July 13. The plaintiff appeared at the time and place appointed, and the defendant Samuels also appeared at the same time and place, and submitted himself to examination, under oath, concerning his estate and effects. The hearing was, on motion of the plaintiff's attorney, adjourned to July 20, at two o'clock P. M., at the same place, at which time and place the plaintiff, by his attorney, and the debtor also appeared. On motion of the plaintiff's attorney, the hearing was further adjourned to July 23, at two P. M., at the same place, on which last day the debtor appeared at the time and place fixed, and remained until three o'clock; but the judgment creditor did not appear, either by himself or by attorney, and the debtor was discharged without having the oath administered to him. The plaintiff cites the language of Morton, J., in *Carlisle* v. *Weston,*

21 Pick. 535 : " Irregularities and defects may be waived, but mere nullities cannot be cured, or restored to life, inasmuch as they never possessed any legal validity. Jurisdiction cannot be given by consent of parties." And also, " Wherever it appears upon the record that the court has no jurisdiction, nothing which the parties may do or omit to do will give it."

If this was a case in which the magistrate had no jurisdiction, these remarks would be precisely applicable. But in this case the magistrate had jurisdiction, both of the subject matter and of the parties. In the case of *Carlisle* v. *Weston*, while the language attributed to that justice was used by him, the case itself is decisive against the plaintiff. In that case, service of the writ was made by a coroner, who had no authority to serve the precept. At the return term, the defendant appeared and put in a plea, and joined in a demurrer by which the action was carried to this court. He entered an appearance generally in this court, waived his plea, and moved to dismiss the action because there had been no proper service. It was held that the exception was taken too late, and the justice delivering the opinion cites authorities to the principle that, " It is an elementary rule of pleading, that a plea to the jurisdiction is the first in the order of pleading ; and that any plea which refers to the court any other question is a tacit admission that the court has a right to judge in the cause, and is a waiver of all exception to the jurisdiction ; " and adds, what is peculiarly applicable to this case, " The irregularity in the service of this writ could do the defendant no possible injury. He was seasonably notified of the commencement of the action, appeared on the return day of the writ, made such motions and filed such pleas as he thought best adapted to protect his legal rights, and now has open to him every ground of defence, and may avail himself of every legal exception which he could have done " had the service been proper.

In *Simonds* v. *Parker*, 1 Met. 508, Chief Justice Shaw said : " If a party takes no notice of any matter of exception to the form or service of the process, in an early stage of the proceedings, it affords a reasonable ground to conclude that he considers them of no importance, and is willing to proceed to the trial of his rights upon the substantial merits of the controversy. By

referring any question to the court, other than that of the jurisdiction itself, he acknowledges that jurisdiction." In *Kittridge* v. *Bancroft*, 1 Met. 513, the action was entered at December term, and continued to the succeeding June and September terms, at the latter of which the motion to dismiss was made; and the court said: " The court are of opinion that these continuances bring the case within the principle stated " in *Simonds* v. *Parker*. See also *Gage* v. *Gannet*, 10 Mass. 176; *Ripley* v. *Warren*, 2 Pick. 592. These and other decisions are decisive. The master in chancery had full jurisdiction of the subject matter, authority to issue a notice, and the notice was served by a proper officer. The plaintiff appeared, took part in the proceedings, and on his motion the subject was postponed from time to time. This, within the cases, is a sufficient waiver of any defect in service.

The case of *Millett* v. *Lemon*, 113 Mass. 355, has no bearing upon this. In that case there was no appearance of the creditor before the magistrate at any one of the various times appointed for the hearing. It is true that, on one of the occasions, the creditor started for the office of the magistrate, and arrived there at about five minutes before the expiration of the hour, but found the magistrate gone, and nobody there. There is no sense, therefore, in which it could be said that the creditor in that case waived the irregularity of the notice.

*Judgment for the defendant.*