ROBERT W. WILLIAMS & another vs. CHARLES KIMBALL.

Suffolk. January 27. — 30, 1882.

In an action by a poor debtor against an officer for neglecting to serve a notice of the time and place appointed for the examination of the debtor, it appeared that the officer called at the house of the attorney of the judgment creditor for the purpose of serving the notice; that, upon being told that the attorney was sick, the officer gave an attested copy of the notice to the attorney's brother, who delivered it to the attorney; that the attorney received the attested copy and sent it to another attorney with general directions to look after the matter before the magistrate; and that on the next morning the officer again called at the house of the attorney and saw his father. The latter testified that he saw the officer, and that he carried a message from the officer to his son and received from his son a message to the officer, both of which messages he delivered as they were given to him. The defendant then offered to show what these messages were: that the officer asked the father to go to the attorney "and ask him what he intends to do in the matter;" and that the father did so, and brought back the answer that the attorney "says he did receive the notice, and it is all right, and the matter will be attended to." *Held,* that the evidence offered was admissible as tending to show that the attorney waived all objections to any informality in the service and notice.

A judgment creditor may appear specially before a magistrate at the examination of a poor debtor; and such an appearance is not a waiver of all defects in the notice of the hearing or the service thereof.

CONTRACT, with a count in tort, by a judgment debtor and the surety on his recognizance, against the sheriff of Middlesex, for the alleged neglect of one of his deputies to serve a notice of the time and place appointed for the examination of the debtor. At the trial in the Superior Court, before *Rockwell,* J., the jury returned a verdict for the plaintiffs; and the defendant alleged exceptions, which appear in the opinion.

*C. J. McIntire,* for the defendant.

*B. Wadleigh & F. P. Fish,* for the plaintiffs.

MORTON, C. J. If we assume that the service of the notice by the officer was not sufficient as a service "by giving to the plaintiff or creditor, his agent or attorney, an attested copy thereof," under the Gen. Sts. c. 124, § 13, because the officer did not see the attorney, or give to him personally an attested copy of the notice, we are of opinion that the evidence offered by the defendant, and excluded by the court, was competent, as tending to show that the attorney accepted the service and waived the informality and irregularity.

The judgment creditor may waive any formalities which are intended for his security; and if he does so, he cannot afterwards take advantage of the failure by the debtor to comply with such formalities. *Pacific Ins. Co.* v. *Canterbury*, 104 Mass. 433. *Mount Washington Glass Works* v. *Allen*, 121 Mass. 283. *Andrews* v. *Knowlton*, 121 Mass. 316. *McInerny* v. *Samuels*, 125 Mass. 425.

In the case before us, the officer called at the house of the attorney of the judgment creditor on the evening of February 12, 1877, for the purpose of serving the notice. Being told that the attorney was sick, he gave an attested copy to his brother, who took it to the attorney and delivered it to him. It appeared that the attorney received the attested copy, and the same evening sent it to another attorney, with general directions to look after the matter before the magistrate. On the next morning, the officer again called at the house of the attorney and saw his father. The father testified that he then saw the officer, that he carried a message from the officer to his son, and received from the son a message to the officer, both of which messages he delivered as they were given to him. The defendant then offered to show what these messages were, and that he asked the father to go to the attorney " and ask him what he intends to do in the matter; " that the father did so, and brought back the answer that " he (the attorney) says he did receive the notice, and it is all right, and the matter will be attended to."

We are of opinion that this evidence was admissible. It would be competent for the jury to find from it, if uncontradicted and unexplained, in connection with the other evidence in the case, that the attorney intended to and did accept the service as a sufficient service, and thereby waived the right to object to the fact that the attested copy was not delivered into his hands by the officer personally.

In *Mutual Safety Ins. Co.* v. *Woodward*, 8 Allen, 148, the officer served the notice by sending an attested copy by mail to the attorney of the judgment creditor, who acknowledged the receipt of it in a letter which made no objection to the mode of service, and it was held that the judgment creditor could not afterwards object to the mode of service. The case at bar

differs from the above case in the fact that the claimed assent of the attorney to the mode of service was oral, but this makes no difference in principle. In most of the numerous cases where judgment creditors have been held to have waived some formality in the proceedings, the waiver has been oral and not in writing. *Lord* v. *Skinner*, 9 Allen, 376.

The only other question properly raised by this bill of exceptions is whether the court rightly refused the defendant's request for a ruling to the effect that a judgment creditor cannot appear specially before a magistrate sitting in the hearing of an application by a poor debtor, but, if he appears and takes part in the proceedings, this is a waiver of all defects in the notice. The court was not required to make this ruling. There is no reason why a creditor may not appear specially to object to the notice or service, and such appearance would not, as the request of the defendant implies, operate in law as a waiver of all objections to defects in the notice or service.

Whether, if there was a special appearance in this case, it was waived, in law or in fact, by the subsequent acts and conduct of the attorney, who made the special appearance, in the part he took in the proceedings, is not raised by the bill of exceptions, and need not be considered.

As the court rejected evidence which was competent, and refused to allow the defendant to prove that there was a waiver by the attorney of the creditor of all defects in the notice or service, there must be a new trial.

*Exceptions sustained.*