SAMUEL GOLDENBERG *vs.* NATHAN F. BLAKE & another.

Suffolk. November 9. — 23, 1887. DEVENS & W. ALLEN, JJ., absent.

In an action upon a poor debtor's recognizance, entered into under the Pub. Sts. c. 162, § 28, if the service upon the creditor of notice of the debtor's desire to take the oath for the relief of poor debtors is insufficient, by reason of the fact that the officer read the notice to the creditor instead of giving him a copy of it, but it appears that the creditor told the officer that he understood the notice and would attend the hearing appointed for the examination of the debtor, the question whether the creditor waived due service of the notice should be submitted to the jury.

CONTRACT, against Nathan F. Blake and John G. Daggett, upon a poor debtor's recognizance, entered into on September 20, 1886, under the Pub. Sts. *c.* 162, § 28, by the first-named defendant as principal, and the other defendant as surety, and

containing the usual conditions. Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows :

It was admitted that the defendant Blake was duly arrested upon an execution in favor of the plaintiff, on September 20, 1886, and on the same day, before Edward J. Jones, a master in chancery, entered into the recognizance declared on ; that, on October 13, 1886, Blake, desiring to take the oath for the relief of poor debtors, applied to said Jones, as master in chancery, to fix a time and place for his examination ; and that thereupon Jones issued a notice to the plaintiff, fixing the time and place of the examination as October 15, 1886, at his office in Boston, at three o'clock in the afternoon.

It was further admitted, that, at the time and place named therein, Blake appeared before said master in chancery, and, no one appearing in behalf of the plaintiff, took the oath for the relief of poor debtors in the form prescribed by statute, and was discharged. Before the hearing, the attorney for the plaintiff appeared before the master in chancery, and objected to the master's jurisdiction on account of the service of the notice, and left before the expiration of the hour.

The defendant introduced evidence tending to show that the notice was handed by Blake to one Moses P. Brown, a constable, on October 14, for service upon the plaintiff; that Brown took the notice and called with it upon the plaintiff at the latter's residence and place of business in East Boston, between twelve and one o'clock in the afternoon of October 14; that he then read the notice to the plaintiff, and asked him if he understood it, to which the plaintiff replied, " Yes ; " that he then asked the plaintiff if he would come, to which the plaintiff replied, " Yes ; " that Brown and the plaintiff then had some talk in regard to the plaintiff's claim against Blake, and Brown left; that the next morning Brown, in preparing his return, found that the service of the notice should have been by copy, and thereafter he prepared a copy, dating the copy October 14, and at about eleven o'clock on October 15, the day of the hearing, called with the copy at the plaintiff's residence, and, not finding him in, left it with the plaintiff's wife. Brown then made his return upon the notice.

The plaintiff introduced evidence tending to show that, at the time the constable read to him the notice, the constable asked him if he understood it, and he replied, " Yes ; " that the constable asked him if he would come, and he replied, " I will see about it." The plaintiff also testified, on cross-examination, that he knew Brown was a constable; and that he understood the notice when it was read to him.

At the close of the evidence, upon the plaintiff's motion, the judge instructed the jury that there was no evidence for the jury of waiver of the service of the notice in the form provided by law; and directed a verdict for the plaintiff. The defendant Daggett alleged exceptions.

*C. T. Russell, Jr.*, for the defendant.

*J. F. Kilton*, for the plaintiff.

C. ALLEN, J. It is conceded that the service of notice upon the plaintiff was not in conformity to the requirement of the statute; and the only question is whether the presiding judge ought to have submitted to the jury the question whether the plaintiff waived due service. Upon consideration of this question, as the case is presented upon the bill of exceptions, we do not find that the conduct and language of the plaintiff were such as necessarily to exclude the supposition contended for by the defendant. Clearly, an actual appearance by the plaintiff at the time and place appointed for the hearing, without objection to the service, would be a waiver. A promise or a declaration of intention to appear might or might not amount to such a waiver. In order to waive a legal service, there must have been an intention to waive a known right, or at least a willingness to accept the service as sufficient, without caring to inquire whether it was legally sufficient or not. If it should be shown, or if it could fairly be inferred from the appearance of the plaintiff, who was a witness, that he was aware that the service was insufficient, and yet told the constable that he would attend the hearing, it might perhaps be a reasonable inference that he waived a more formal service. If, on the other hand, both he and the officer supposed, at the time the service was made, that it was in due form, and the plaintiff under that supposition merely declared a present intention to attend the examination, meaning, however, to stand upon all his rights, and not to waive

any objection for insufficiency of service, and if the officer was not thereby misled into omitting to make further service seasonably, there was no waiver. This apparently was the view of the facts which was taken by the court. But we cannot say that the language and conduct of the plaintiff were not susceptible of the other construction, and think that the question of waiver should have been submitted to the jury. *Williams* v. *Kimball*, 135 Mass. 411; *S. C.* 132 Mass. 214. *West* v. *Platt*, 127 Mass. 367.                                  *Exceptions sustained.*