JOHN B. VALENTE *vs.* FRANK COSENTINO.

Middlesex.   January 16, 1914. — May 25, 1914.

Present: RUGG, C. J., LORING, SHELDON, & CROSBY, JJ.

*Bankruptcy.   Judgment.   Merger.*

It is no defense to an action of contract upon an account annexed that the
plaintiff's claim previously had been allowed by a referee in bankruptcy in
proceedings under the bankruptcy act of 1898 in which no dividend was paid
on the bankrupt's estate and the bankrupt was refused a discharge.

CONTRACT upon an account annexed for $527.85 and interest.
Writ dated October 21, 1909.

In the Superior Court the case was heard without a jury by
*Jenney,* J. It was agreed at the trial that at the date of the plaintiff's writ the defendant owed the plaintiff the amount claimed
in the declaration; that the defendant previously had been adjudicated a bankrupt; that the plaintiff had proved this claim before
the referee in bankruptcy, by whom it had been allowed; that no
dividend was paid by the bankrupt's estate, and that the bankrupt
was refused a discharge by the United States District Court.

The defendant asked the judge to rule that all the claims and
demands sought to be recovered in this suit became merged
in a judgment of the United States District Court by their proof
and allowance against the estate in bankruptcy of the defendant,
that there could be no recovery under the declaration in this
action, and that upon the evidence the finding must be for the
defendant under the pleadings.   The rulings were refused.   The
judge found for the plaintiff in the sum of $642.42; and the
defendant alleged exceptions.

The case was submitted on briefs.

*J. P. Carney & H. W. Blake,* for the defendant.

*G. M. Palmer & E. V. Munroe,* for the plaintiff.

LORING, J.   The only defense to the plaintiff's demand was
that the claim sued on had been proved in bankruptcy, and so
was merged in a judgment.

There is no foundation for the contention.   For a full explanation of the matter, see Lowell on Bankruptcy, § 219.

In our opinion the exceptions are frivolous and intended for delay.

The exceptions must be overruled with double costs from the time the exceptions were allowed; and the rate of interest from that time is to be twelve per cent a year. It is

*So ordered.*