SARAH STURMAN *vs.* JOHN J. McCARTHY.

Middlesex.    November 21, 1918. — January 9, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Waiver,* Of breach of poor debtor recognizance. *Poor Debtor.*

If, after a poor debtor's recognizance has been broken by the poor debtor not appearing personally to apply to take the oath, but appearing instead by attorney, the creditor appears at the time fixed for the examination and the debtor is sworn and is examined by the creditor and the case thereafter is several times continued during a period of four months, the creditor has waived the breach of the recognizance although he did not know until after the date of the last continuance that the debtor's application to take the oath was by attorney and not personally, and immediately upon learning that fact he ceased to take further part in the poor debtor proceedings.

CONTRACT upon a poor debtor recognizance. Writ in the Police Court of Somerville dated April 7, 1917.

On appeal to the Superior Court the case was heard by *Morton,* J., without a jury. He made the following finding of facts:

. "The debtor appeared by counsel within the thirty days prescribed by law. He was sworn and examined by the plaintiff's counsel and the examination was continued from time to time until May. It had been a common practice, known to the plaintiff's attorney, for a debtor to appear by counsel and not personally. Neither of the defendant's counsel nor the debtor nor his counsel had any reason to believe that the practice was illegal, except so far as they were presumptively charged with knowledge of the law, until the decision in [*Howard* v. *Roach*] 226 Mass. 80 was published. The plaintiff's counsel thereupon at once examined the papers and found that the debtor had not appeared personally. This was the first knowledge he had of the fact. He at once ceased taking part in further poor debtor proceedings.

"Upon these facts I find and rule that there was no waiver of the breach and that the plaintiff was not estopped from suing the surety for the breach. I find for the plaintiff in the sum of $795.38."

The defendant alleged exceptions.

R. L. c. 168, § 30, reads as follows: "Section 30. When taken before the magistrate, the defendant or debtor may recognize with surety or sureties in a sum not less than the amount of the execution, or of the ad damnum in the writ if he is arrested on mesne process, that within thirty days from the day of his arrest he will deliver himself up for examination before a police, district, or municipal court, or a trial justice, giving notice of the time and place thereof as herein provided, and appear at the time fixed for his examination and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon; but if he is arrested on mesne process and the writ is returnable within thirty days, the number of days within which he shall deliver himself up shall be limited by the magistrate so as to extend beyond the return day of the writ."

*P. H. Kelley,* for the defendant.

*G. P. Beckford,* for the plaintiff.

CARROLL, J. This is an action against the surety on a poor

debtor's recognizance. The debtor, McGann, who was arrested on execution December 5, 1916, entered into a recognizance under R. L. c. 168, § 30. Within thirty days from his arrest he did not "deliver himself up for examination," but within that time, on January 3, 1917, an application to take the oath for the relief of poor debtors was made by his attorney in the Municipal Court of the City of Boston. On January 10, 1917, the time fixed for the examination, the debtor was present in court, was sworn and was examined by the plaintiff, and thereafter the hearing was continued from time to time, either by agreement or by order of the court, until May, 1917.

The breach relied on is that the debtor did not personally deliver himself up for examination within thirty days after his arrest, the application being made by his counsel.

In *Howard* v. *Roach*, 226 Mass. 80, it was decided that when the application is made, the debtor must appear in person and not merely by attorney, within thirty days after his arrest, in order to comply with the condition of the recognizance and the terms of the statute. In *Howard* v. *Roach*, there was no examination of the debtor by the creditor and nothing was done to preclude him from relying on the exact terms of the recognizance.

The question we have to decide is whether the plaintiff, by taking part in the examination of the debtor, was prevented from relying on the debtor's default in failing to deliver himself within thirty days following his arrest.

In *McInerny* v. *Samuels*, 125 Mass. 425, the debtor applied to the magistrate on July 9, 1877, to fix a time for his examination. The time was fixed for July 13, but the notice served on the creditor stated the time of the examination to be July 18. Although this notice was not defective in form or service, and the Gen. Sts. c. 124, § 14, provided that no new notice to take the oath should be given until the expiration of seven days after the service of the former notice, unless defective in form or service, on July 11 the magistrate issued another notice returnable July 13. On that day the creditor appeared and examined the debtor and after the hearing had been adjourned to July 23, the creditor not appearing, the debtor was discharged. The creditor claimed that all the proceedings under the notice of July 11 were *coram non judice* and therefore absolutely void. It was decided that the magistrate had juris-

diction of the subject matter and the parties, and the plaintiff by appearing and taking part in the proceedings gave up his right to rely on the defect in the procedure.

In *Bliss* v. *Kershaw*, 180 Mass. 99, 101, it was held that even if it be assumed the notice issued was fatally defective, that this was a defect which might be waived and the creditor by appearing in court and arranging for a continuance of the case, was prevented from taking advantage of the defect in the notice. It is the duty of the debtor to have a competent magistrate present at the time fixed for the examination; and if without fault by the debtor, the magistrate fails to be present, the recognizance is broken; but even this provision of the statute which is for the security of the creditor may be waived by him. *Vinal* v. *Tuttle*, 144 Mass. 14. Where the judge is absent through illness and the debtor fails to appear, the creditor can relinquish the right to rely on this default. *Mount Washington Glass Works* v. *Allen*, 121 Mass. 283. *Radovsky* v. *Sperling*, 189 Mass. 507. By agreement of the parties, without the surrender of the debtor by his surety, another surety was substituted. It was held that this agreement could be made. "The judgment creditor is always at liberty to waive formalities that are intended for his security, if he should see fit to do so." *Pacific Mutual Ins. Co.* v. *Canterbury*, 104 Mass. 433, 435. In *Andrews* v. *Knowlton*, 121 Mass. 316, the debtor neither delivered himself up for examination nor gave the notice required by the recognizance. It was decided in a suit on the recognizance that it was competent for the debtor to show that his failure to comply with the terms of the contract was by agreement with the creditor. It has also been decided that no advantage can be taken of defective service of the notice if the defective service is accepted as a sufficient service. *Williams* v. *Kimball*, 132 Mass. 214. *Goldenberg* v. *Blake*, 145 Mass. 354.

Even where the true name of the creditor does not appear in the notice, if the service is assented to, the creditor cannot take advantage of the defect. *Mutual Safety Fire Ins. Co.* v. *Woodward*, 8 Allen, 148. And if the debtor is discharged within the hour by the previous assent of the creditor, it may be found that he is barred from relying on this breach of the bond. *Lord* v. *Skinner*, 9 Allen, 376.

These cases show that the debtor may be excused by the creditor

from the exact performance of the terms of the recognizance, which are for the creditor's security. Many of these cases are authority for the rule, that when the court has jurisdiction of poor debtor proceedings and therefore of the subject matter, the creditor, after the recognizance has been broken, may submit himself to the jurisdiction of the court and by so doing the creditor's right to rely on the breach of the bond is lost.

The judge found that before the decision in *Howard* v. *Roach, supra,* it was a common practice for the debtor to appear by counsel and not personally, when the application for the oath was made, that this practice was known to the plaintiff's counsel and the first knowledge he had that this procedure was not according to law was when that decision was published. The judge also found that there was no "waiver of the breach and that the plaintiff was not estopped from suing the surety for the breach."

An inspection of the application would have shown that it was not made personally by the debtor. The plaintiff's failure to appear specially and her participation in the hearing deprives her of the right now to set up the imperfect application. Her position is similar to that of a non-resident defendant or one not served with process who appears, makes answer, and proceeds to trial without objection. The defendant cannot then rely for the first time upon the fact that the service was defective. "Any defect of service or of jurisdiction, so far as the person of the defendant was concerned, had been waived by his appearance and answer. If the want of jurisdiction had been of the subject matter, it could not have been cured by the appearance of the defendant. The want of jurisdiction as to the person was cured by the defendant's voluntary submission." *Loomis* v. *Wadhams,* 8 Gray, 557, 561. *Lawrence* v. *Bassett,* 5 Allen, 140. See *Andrews* v. *Knowlton, supra; Riley* v. *Brusendorff,* 226 Mass. 310, 312.

The debtor was in default by failing to deliver himself for examination within thirty days following his arrest. But at the time fixed for his examination he was present and ready to abide the order of the court; while the plaintiff could have refused to take part in the hearing, relying on the fact that the bond had been broken, yet by appearing before the court, participating in the proceedings, and consenting to a continuance, she has deprived herself of the right to rely on the former breach. The court then

had jurisdiction of the debtor and the poor debtor proceedings. The default was cured by her voluntary submission to the court's jurisdiction and she cannot now claim a breach of the recognizance.

*Exceptions sustained.*