JORDAN MARSH COMPANY *vs.* GEORGE L. COLLINS & another.

Suffolk.   November 17, 1925. — January 7, 1926.

Present:   RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Poor Debtor,* Recognizance.   *Surety.*

The omission or failure on the part of a judgment debtor in poor debtor proceedings to do what is required of him by a recognizance therein is not a breach upon which the surety can be held if such omission or failure is with the consent of the creditor and in consequence of an agreement with him.

While a mere extension of time by a judgment creditor to a judgment debtor in poor debtor proceedings does not result in a discharge of the obligation of a surety on the recognizance of the debtor if there is a reservation of remedy against him, an agreement entered into between the creditor and the debtor without the knowledge or consent of the surety, by which the debtor suffers a default, to be followed by a collection of the debt in instalments, is a new arrangement for payment which discharges the surety, even if there is an attempted reservation against the surety.

CONTRACT upon a poor debtor recognizance entered in favor of the plaintiff as judgment creditor by George L. Collins, judgment debtor, and Martin F. Sandler as surety. Writ dated April 26, 1924.

Facts appearing at the trial in the Municipal Court are described in the opinion.   The trial judge found that the plaintiff had "abandoned the recognizance," found for the defendants, and reported the action to the Appellate Division, who ordered the report dismissed as to the defendant Sandler and, as to the defendant Collins, ordered the finding vacated and judgment to be entered against him in the penal sum of the recognizance, and the case to stand for further proceedings.

The case was submitted on briefs.

*J. B. Zuckernik,* for the plaintiff.

*W. Foster,* for the defendant Sandler.

SANDERSON, J.   This action was brought in the Municipal Court of the City of Boston on a poor debtor recognizance

against Collins, an execution debtor, and Sandler, his surety. The defendant Collins was cited into the poor debtor session upon an execution issued on a judgment against him for $300.16; he defaulted and was thereafter arrested; released upon recognizance with one Rayner as surety, surrendered by Rayner and recognized anew with the defendant Sandler as surety. Collins gave notice to the plaintiff of his application to take the poor debtor's oath, returnable on October 17, 1923, when proceedings were continued to October 31, 1923, and on that date Collins defaulted. Before the default was entered, his attorney and the attorney for the plaintiff in the original action entered into an agreement in writing as follows: "It is hereby agreed that J. B. Zuckernik acting as attorney for Jordan Marsh Company of Boston, Suffolk County that he will not bring suit against the present surety in the case of Jordan Marsh Company *vs.* George L. Collins on the recognizance and Collins agrees to default providing no suit is brought against said surety for one year and nine months providing that said Collins pays at least ten dollars ($10.00) per month or more and the full amount to be paid in one year and nine months, and if said Collins fails to pay as agreed then said J. B. Zuckernik will be at liberty to proceed on the recognizance against said surety."

The defendant Sandler testified that he knew nothing of this agreement until some time after the present action was brought, and there was no evidence to contradict that testimony. Collins made two payments amounting to $20 on account of said execution, and no more. The judge who heard the case refused to rule, as requested by the plaintiff, that the defendant Sandler became liable as surety on the default of Collins, and that upon all the evidence the plaintiff was entitled to a finding in its favor. He made a finding that the creditor abandoned the recognizance, and found for both defendants. On report to the Appellate Division this decision was reversed as to Collins and the report dismissed as to Sandler. Upon the plaintiff's appeal the question we have to decide is, whether the plaintiff, by reason of the agreement for default and postponement of payment, released Sandler from his obligation as surety.

In poor debtor proceedings the creditor has control over the process to enforce payment of his debt and may waive the conditions of the recognizance, thereby discharging the surety. *Bullen* v. *Dresser*, 116 Mass. 267. *Vinal* v. *Tuttle*, 144 Mass. 14. An omission or failure on the debtor's part to do what the recognizance requires of him is not a breach upon which the surety can be held if such omission or failure is with the consent of the creditor and in consequence of an agreement with him. *Andrews* v. *Knowlton*, 121 Mass. 316. Any contract between obligee and principal obligor which changes the nature of the surety's liability, discharges the surety. *Fullam* v. *Valentine*, 11 Pick. 156. The agreement between the creditor and the debtor for a default, to be followed by a collection of the debt in instalments, was a new arrangement for payment which discharged the surety from his obligation on the recognizance. *Chellis* v. *Leavitt*, 124 Mass. 359. A mere extension of time to the principal debtor does not result in such discharge of the surety if there is a reservation of remedy against him. *Sohier* v. *Loring*, 6 Cush. 537. *Merrill* v. *Roulstone*, 14 Allen, 511.

Upon the facts in this case the agreement was more than an extension of time. The default entered by reason of the contract with the creditor, without the surety's consent, deprived him of the right to exonerate himself from further liability by surrendering the principal (G. L. c. 224, § 51), or in one or more of the ways in which that may occur when proceedings take their regular course. *Merrill* v. *Roulstone*, *supra*. *Morgan* v. *Curley*, 142 Mass. 107, 109. Under these circumstances the attempt to reserve the plaintiff's rights against the surety was of no avail.

*Order of Appellate Division affirmed.*