NATIONAL SURETY COMPANY *vs.* HAROLD F. REED.

Suffolk.    November 9, 1927. — February 28, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Poor Debtor.    Bankruptcy.    Surety.    Waiver.    Election.*

A recognizance given by a judgment debtor after his arrest upon an execution stands in place of the execution as security for its payment.

On breach of a recognizance given by a judgment debtor after his arrest on an execution, the creditor's right to enforce the recognizance becomes absolute; his only remedy thenceforward is upon it.

The measure of the creditor's recovery from a surety on the recognizance is whatever he could have obtained from the execution at the time of the breach of the recognizance.

A judgment debtor, having been arrested upon an execution, on April 7, 1925, entered into a recognizance with the creditor under G. L. c. 224, § 20.   On May 4 the debtor duly delivered himself up for an examination which was fixed for May 7.   On May 5, he was adjudicated bankrupt, and filed a certificate of bankruptcy at the time of his appearance for examination on May 7.   Thereupon, by order of the court, the proceedings for the examination were stayed and continued until September 8, 1925; and, by further orders of the court, until January 11, 1926, and February 11, 1926.   The debtor did not appear in court when continuances were granted on September 8 and January 11, but on neither of these dates did the creditor ask for a default.   On February 11, 1926, the debtor not appearing, the court entered a default against the debtor at the creditor's request.   The creditor, whose claim was of a nature to be discharged by a discharge in the bankruptcy proceedings, in June, 1925, had proved his claim in such proceedings.   No dividend was declared or paid upon his claim.   On May 20, 1926, while the debtor's application for a discharge in bankruptcy was still pending without having been either denied or granted, the creditor commenced an action against the surety on the recognizance. *Held,* that

(1) The debtor's failure on three occasions to attend at the time and place appointed for his examination was a breach of the recognizance;

(2) In failing to take defaults on September 8, 1925, and January 11, 1926, the creditor waived no right of which the surety could complain;

(3) By proving his claim in bankruptcy, the creditor made no election of remedy which relieved the surety;

(4) Although the national bankruptcy act, § 9, protected the debtor from arrest pending the bankruptcy proceedings, the court still had jurisdiction of the cause and party, and could enter the default and terminate the debtor's right to have the proceedings for an examination, which might discharge the recognizance, carried further;

(5) Nothing had occurred since the breach of the recognizance to relieve the surety from his obligations thereunder;

(6) Judgment against the surety in the penal sum of the recognizance, execution to issue for the amount of the judgment against the debtor with interest and costs thereon, properly was ordered.

CONTRACT, against a surety upon a recognizance given by one Franklin F. Phillips after his arrest upon an execution. Writ in the Municipal Court of the City of Boston dated May 20, 1926.

On removal to the Superior Court, the case was heard by *Bishop*, J., upon an agreed statement of facts. Material facts are set forth in the opinion. The trial judge found for the plaintiff and ordered judgment in the penal sum of the recognizance, $1,100; execution to issue for $1,045.91. From this order the defendant appealed.

*F. F. Phillips*, for the defendant, submitted a brief.

*F. L. Norton*, for the plaintiff.

WAIT, J. It is agreed that the plaintiff obtained judgment against Phillips and instituted proceedings for his arrest on execution. On April 7, 1925, Phillips, having defaulted in those proceedings, was arrested upon the execution. There was then due thereon $944.37. On that day, with the defendant as surety, Phillips, as principal debtor, pursuant to G. L. c. 224, § 20, entered into a recognizance to the plaintiff in $1,100, that within thirty days he would deliver himself up for examination before a district court giving the statutory notice of time and place, would appear at the time fixed for examination and from time to time until it was concluded, and would not depart without leave, not making any default, and would abide the final action of the court. On May 4, giving due notice of time and place, he delivered himself up; and May 7 was fixed as the time for examination. On May 5 he filed a petition in bankruptcy and was adjudicated bankrupt. The plaintiff's judgment claim was scheduled as a debt, was provable at the proceedings and would be discharged by the discharge if obtained. On May 7, Phillips appeared at the time and place fixed for his examination, the plaintiff, by attorney, being present, and filed a certificate of the proceedings in

bankruptcy. The proceedings in the examination were stayed and continued by the court till September 8. In June the plaintiff proved its claim in the bankruptcy proceedings. On September 8 the plaintiff appeared, but made no motion for default, though Phillips did not appear. The court further stayed and continued the proceedings until January 11, 1926. On the latter day, Phillips again did not appear. The plaintiff was present by attorney. The bankruptcy proceedings were stated to the court and, by its order, these proceedings were further stayed and continued to February 11, on which day the plaintiff's attorney appeared and, Phillips not appearing and his examination not being begun, requested a default. The default was entered by the court and is the default insisted upon in this action to charge the surety. No dividend has been declared or paid upon the claim.

On April 17, 1926, Phillips applied for his discharge. No creditor objected, but upon representation by the trustee the application was not then acted upon and it is still pending, no discharge having been either denied or granted.

The judge in the Superior Court found that Phillips had defaulted and ordered judgment against the defendant in the penal sum of the recognizance, execution to issue for $1,045.91, the amount of the judgment, interest and costs, which he found due in equity and good conscience. The defendant appealed.

He contends that the Municipal Court was without jurisdiction to declare the defendant in default at a time when it had no power to commit the principal debtor to jail in a civil proceeding solely directed to that end; that by proving its claim in bankruptcy and by failing to ask defaults before February 11, 1926, the plaintiff waived the nonappearance of the principal and so discharged the surety; that by proving its claim against the principal's bankrupt estate, the plaintiff made an election of claims which precludes any subsequent proceedings against the surety; and that if anything is due in good conscience and equity it is only a nominal sum.

The principal had been taken on execution. He had secured a period of liberty by means of the recognizance.

Thereafter the recognizance stood as security for payment in place of the execution. *Morgan* v. *Curley,* 142 Mass. 107, 109. If a breach occurred, the right to enforce it became absolute. The creditor's · only remedy thenceforward was upon it. Whatever the creditor could have obtained from the execution he became entitled to have from the surety on the recognizance; and the measure of his recovery was what the execution might have given him at the moment the breach of the recognizance took place. *Non constat* he could not have obtained the amount of the execution. Accordingly, our statute, G. L. c. 224, § 52, provides that execution on the judgment for breach shall not be less than that amount. Here there can be no dispute that the principal has not performed the condition of the recognizance. On three occasions he failed to attend at a time and place duly appointed for his examination. *Howard* v. *Roach,* 226 Mass. 80. *Merrill* v. *Roulstone,* 14 Allen, 511. The breach is manifest. The plaintiff is still unpaid, and, by the requirement of statute, execution in the amount of judgment, costs and interest secured by the original execution issued properly. It is the amount due in equity and good conscience.

In failing to take defaults in September and January, the plaintiff waived no right of which the surety can complain. It owed no duty to the surety to insist upon default in the state of the facts as they appear. See *Sturman* v. *McCarthy,* 232 Mass. 44, 47. There was no bargain with the principal by which the surety might suffer and cases like *Mount Washington Glass Works* v. *Allen,* 121 Mass. 283; *Andrews* v. *Knowlton;* 121 Mass. 316; *Chellis* v. *Leavitt,* 124 Mass. 359; and *Sturman* v. *McCarthy, supra,* are not controlling.

Nor was there any election of remedy made by the plaintiff which relieves the surety. The proof in bankruptcy, from which nothing has been received, is at most merely cumulative, and does not bar action on the recognizance. *Crawford-Plummer Co.* v. *McCarthy,* 227 Mass. 350. *Valente* v. *Cosentino,* 218 Mass. 125.

It is true that at the moment of breach, the principal

could not have been arrested, but it does not follow that the court had no power to act. The bankruptcy act by § 9 protects bankrupts from arrest pending the bankruptcy proceedings. *Herschman* v. *Justices of the Municipal Court,* 220 Mass. 137, 141. The exemption would expire if a discharge were refused and the proceedings ended. A moment might come when, so far as this exemption was applicable, an arrest could be made. Until this possibility was removed the creditor had an interest in having the proceedings upon his execution kept open, unless a breach of the recognizance intervened. Although the court could not order confinement on the execution, it could record the obligor's failure to attend at a time fixed therefor, and declare by its judgment of default that his right to have proceedings carried further was at an end. It still had jurisdiction of cause and party. *Smith* v. *Miller,* 226 Mass. 187.

The principal debtor's freedom from arrest, in fact, however, was due to the recognizance. It did not depend upon action by the court. In accord with the condition of the recognizance he was forced to institute the proceedings. The court appealed to could not act further once the condition had been broken. *H. B. Smith Co.* v. *Judge of the District Court,* 246 Mass. 190. This resulted from the existence of the recognizance and not from the bankruptcy act. We see nothing which prevented the entry of the default. The principal debtor could not be arrested upon it. The creditor's remedy was upon the broken recognizance. Nothing has occurred since the breach to relieve the surety from the obligation it imposed.

It follows that the order for judgment was proper and it is
*Affirmed.*