Dewey, J.
Oldham sued Tenners, as the administrator of Brown, for money had and received by the intestate in his lifetime. Pleas, the general issue, and several special pleas which led to issues of fact. Judgment for the plaintiff'. On the trial, it appeared that the plaintiff had placed in the hands of the intestate, as an attorney at law, a promissory note against one Taylor for collection; and that- the intestate had obtained a judgment against Taylor, which did not appear by the record to have- been satisfied. The plaintiff, claiming that the money due by the judgment had been paid by Taylor to the intestate, offered Taylor as a witness to prove that fact. The defendant objected to his admissibility, but the Court overruled the objection, and he was sworn.
The question presented for our consideration is, was the witness incompetent on the score of interest?
It is a general well known principle, of law, that a person having a direct legal interest in the event of a suit, or being interested in the record, is incompetent as a witness. This lat-. ter kind of interest exists when the verdict will be evidence in a subsequent action by or against the witness. It is another general rule, that a verdict is not' evidence for or against a person not a party to it, and who does not claim under one of the parties. There are, however,-exceptions to this rule, and one of them seems to be, when the former verdict is offered in evidence by a stranger against the successful party. Mr. Phillips, after stating the general reason why a verdict is not evidence in favour of a person not a party to it, says, “But this reason, it is evident, only applies *when the verdict is offered in evidence by a third person, against the party who failed in the former action, and not when it is produced against the party who succeeded. 1 Phill. Ev., Am. ed., 327. In the case of Hudson v. Robinson, 4 M. &. S., 475, in which the question was, whether'the defendant individually, *251 or the firm to which he belonged, was liable for the plaintiff’s demand, two of the judges, Le Blanc and Bayley, remarked, chat a recovery against the defendant would bar a subsequent action against the firm for the same transaction. The same principle is recognized in Morris v. Robinson, 3 B. & C., 196, where it was admitted by the Court, that a recovery in trover against one person for the full value of the.property sued for, would bar an after action against another person for the same cause. So, in McBrain v. Fortune, 3 Campb., 317, it was held, that a person who had purchased goods in' his own name of the plaintiff, was not a competent witness for the latter, to prove that he acted in the transaction merely as the agent of the defendant. Lord Ellenborough rested this decision on the ground, that if the plaintiff succeeded, the verdict would be evidence to discharge the witness from his prima facie liability on the contract which he had made in his own name. We refer to this case only for the purpose of showing, that a third person may make use of the record, to which he was not a privy, to screen himself from responsibility to a successful party. We are aware that as to the question of interest in the witness, it seems to conflict with other decisions, in which an agent had been held to stand indifferent between the parties, on the ground of his responsibility to his principal, rendered liable by his testimony. Ilderton v. Atkinson, 7 T. R., 476; Evans v. Williams, Id., 477, n.; Rocher v. Busher, 1 Stark. C., 27.
In the cause before us, a debtor in a judgment unsatisfied of record, is offered to prove the payment by himself of the money clue by the judgment to the plaintiff’s attorney. It is clear, from the authorities which we have cited, that, should this plaintiff succeed, the witness could avail himself of the recovery, in any subsequent proceeding on the judgment to enforce payment of the same debt by him. The plaintiff would not be permitted to claim that the money had been *paid to the attorney, recover a judgment for il against his administrator, and still hold the witness liable. The only argument in favour of the competency of this witness is the supposition, that, should this action fail, and the *252 judgment should be enforced against him, either by an action of debt, or by an execution, he could turn round and sue this defendant, as the administrator of the attorney, and, in that suit, could give in evidence the record of the proceedings against himself. Admitting all this to be true, it does not establish the indifference of the witness between these parties. The record would be evidence only of the simple fact of the recovery. It would.not fix the liability of the administrator; to do that, one thing more would be necessary, proo'f that the witness had paid the money to the attorney; whereas if this suit prevails, its record would not only be evidence of the fact of the recovery, but it would absolutely discharge the witness from his liability on the original judgment. We think, therefore, that Taylor had such an interest in the record of this suit as to render him incompetent as a witness.
W. M. Tenners and R. A. Chandler, for the plaintiff.
R. A. Loehwood, for the defendant.
The case of Hayes v. Grier, 4 Binn., 80, is in point. It was there decided that a person, against 'whom a county tax had been assessed, could not be a witness to prove that he had paid the tax to the defendant to be handed over to the plaintiff, who was the treasurer of the county to which the tax -was due. The decision turned on the principle, that the record of recovery against the defendant could be given in evidence, in an action against the witness for the tax, and would be a bar.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.