McClure *v.* Whitesides and Another.

May Term, 1851.

McClure v. Whitesides.

Where the right of action turns upon the question whether an agent has been guilty of negligence or other breach of duty, the agent is incompetent to testify for the defendant.

ERROR to the *Jefferson* Circuit Court.

Monday, June 2.

Smith, J.—This was an action on the case by *Whitesides* and another against *McClure.* The declaration alleges that the defendant was the owner, in *March,* 1847, of a flat-boat, of which one *Galusha* was the master; that the plaintiffs shipped on said boat, to be carried to *New Orleans,* 100 barrels of flour at a rate of freight agreed upon; and that by the neglect and carelessness of the defendant and his servants said flour was lost. Plea, not guilty. Verdict and judgment for the plaintiffs.

The only error complained of is the refusal of the Court to receive the testimony of *Galusha,* the master of the boat, on behalf of the defendant.

The bill of exceptions states that "after the plaintiff had closed his evidence, the defendant offered as a witness, *Ahira Galusha,* the master and pilot of the boat on which the flour in controversy was shipped, and who had charge of the said boat when passing over the falls of the *Ohio* river, and proposed to prove by said witness as follows, to-wit: The matters in issue in this case; that the bill of lading in evidence in this case was signed by the said master without the knowledge or consent of the defendant; that the defendant was not a common carrier of goods or produce for hire on the said river *Ohio* at the time this contract was made; that the loss accrued by a danger of the river; that he, said witness, was, at the time, a competent pilot over the falls of the said *Ohio* river; that the loss accrued by the boat running on a log that had been recently lodged in the channel of the river, and which was unknown to him and all the pilots over said falls; and that at the stage of water at the time said loss happened, it was common for flat-boats to

May Term,
1851.

McClure
v.
Whitesides.

pass the falls without a falls pilot. To the swearing and examination of which witness in this case, and on all said points, the plaintiffs objected, and the Court sustained their objection and refused to permit said witness to testify."

So much of the testimony of this witness as was offered to disprove the allegation of the plaintiffs that the flour was lost by neglect and carelessness in the management of the boat on which it was shipped, was rightly rejected on the ground that the witness, as the master of the boat and servant of the defendant, was answerable over to the defendant for the loss occasioned by such negligence. Mr. *Starkie,* in his work on evidence, says that "where the right of action turns upon the question, whether an agent has been guilty of negligence or other breach of duty," the agent is incompetent to testify for the defendant, for "although guilty of negligence or breach of duty he labors under a temptation to represent the contrary," being answerable over to his principal. 1 Starkie on Ev. 111. See also *Green* v. *The New River Company,* 4 Term. R. 589.—*Hawkins* v. *Finlayson,* 3 Car. & P. 305.—*Miller* v. *Falconner,* 1 Campb. 250, where the same principle is affirmed.

With regard to the other matters which the defendant proposed to prove by this witness, as the evidence offered by the plaintiffs is not upon the record, we are unable to determine upon its relevancy, and must presume it was properly excluded.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*J. G. Marshall,* for the plaintiff.

*J. Sullivan,* for the defendant.