May Term,
1853.

Hughes
v.
McClelland.

Wednesday,
May 25.

Hughes *v.* McClelland and Another.

In an action against a sheriff for failing to deliver to his successor in office an execution placed in his hands, the successor is not a competent witness to prove that it was not delivered to him.

ERROR to the *Fayette* Circuit Court.

Davison, J—This was a proceeding by notice and motion against *Hughes*, the plaintiff in error, as sheriff of *Johnson* county.

The notice alleges that *McClelland* and *Pucket*, on the 10th of *April*, 1846, recovered a judgment in the *Fayette* Circuit Court against *Thomas Williams* and others, for 130 dollars and 63 cents, with costs, &c.; that on the 3d of *June*, 1847, an execution was issued thereon, which was, on the 9th of the same month, received by *Hughes*, who, at that time and for the space of one year thereafter, was the sheriff of *Johnson* county; that he failed during the life of the execution to levy the same, although he might have done so; and that he did not return said writ within twelve. months from the time he received it; nor did he deliver said writ to his successor in office.

There are four pleas. 1. The general issue—not guilty, &c. 2. That while *Hughes* had the writ in his hands, but one of the execution-defendants, viz., *Edward Williams*, resided in *Johnson* county, and that he was insolvent and had no property whereon to levy. 3. That in the month of *August* next after he received said writ, and prior to the execution thereof, he went out of office, and thereupon he handed the same over to one *Robert Johnson*, his successor in office. 4. That neither of the execution-defendants had property within his bailiwick whereon to levy, during the life of the execution.

The first plea was withdrawn. Replications were filed in denial of the other pleas.

The cause was submitted to the Court. Judgment for the plaintiffs below.

The evidence is on the record. It was proved by *Culver*, a witness, that *Hughes* received the writ on the 9th of

*June*, 1847; that *Edward Williams* was the only one of
the execution-defendants residing in *Johnson* county ; that
he was reputed insolvent, and that *Hughes* could find no
property whereon to levy the execution ; that his term of
office as sheriff expired in the month of *August*, 1847, and
that *Robert Johnson* was his successor in that office.    It
was also proved by *Sibert*, another witness, that *Johnson*
went into office on the 21st of *August*, 1847, and that the
writ was in his hands in the summer of the year 1848.
There was also evidence tending to prove that the writ
was in his possession during its life.    The writ was issued
on the 3d of *June*, 1847, and an indorsement thereon,
proved to be in the handwriting of *Johnson*, shows that on
the 13th of *September*, 1848, he returned the same "no
property," &c.

The plaintiffs offered *Johnson* as a witness in the case.
*Hughes* objected to his admissibility on the ground that
he was incompetent.    The Court overruled the objection.
He was sworn, and testified, *inter alia*, that the execution
was not delivered to him, nor was the same in his hands
at any time before the return-day thereof.

The only question raised is, was the witness incompe-
tent on account of interest?

It was the duty of *Hughes*, upon the expiration of his
term of office, to deliver the writ over to *Johnson*, as his
successor.    Whether he did so, was an important inquiry
on the trial.    The testimony of *Johnson* tended directly
to prove that such delivery was not made, and thereby to
fix upon *Hughes* a breach of duty.    *Johnson* went into
office in the life of the execution, and within three months
after it was received.    It was found in his hands, and he
made return thereon after the proper time for such return
had elapsed.    The facts presented, apart from the testi-
mony of *Johnson*, in our opinion, clearly establish the po-
sition that the witness was at least *prima facie* liable to
the execution-plaintiffs.

Would a recovery in their favor in this proceeding bar
an after action against the witness for the same cause ?
The question must be answered in the affirmative.    The

May Term,
1853.

general rule is, that a verdict is evidence only between the same parties, or such as claim under them. But the reason of the rule does not apply when the verdict is produced against the party who succeeded in the former action. 1 Phill. Ev. 231, 233. The success of the plaintiffs in this cause would discharge the witness of all liability to them. *Hays* v. *Grier*, 4 Binn. 80. *Raymond* v. *Simonson*, 4 Blackf. 77. *Jenners* v. *Oldham*, 6 Blackf. 235. *McClure* v. *Whitesides*, 2 Ind. 573.

We think the witness had such an interest in the event of the proceedings as rendered him incompetent.

*Per Curiam.*—The judgment is reversed with costs.

*S. W. Parker*, for the plaintiff.

*J. A. Fay* and *J. S. Newman*, for the defendants.