JAMES D. THOMSON *vs.* WILLIAM T. WAY.

Suffolk.          November 10, 1898. — January 7, 1899.

Present: FIELD, C. J., HOLMES, MORTON, & LATHROP, JJ.

*Poor Debtor's Recognizance — Agreement by Creditor for Continuance —*
*Default of Principal — Defence to Action.*

Either the refraining from surrendering the principal in a poor debtor's recognizance, or the surety's promise to pay the execution on which the principal was arrested, is a consideration for an agreement by the creditor to continue the matter from week to week.

Where the creditor in a poor debtor's recognizance has agreed to continue the matter from week to week, provided the surety will pay by specified instalments the execution on which the principal was arrested, if at the time when the creditor has the principal defaulted the surety has done all that he was bound to do, it is immaterial that he has not kept his tender good.

CONTRACT, against the surety on a poor debtor's recognizance. Trial in the Superior Court, without a jury, before *Gaskill*, J.,

who found for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*J. D. Thomson, pro se.*

*C. F. Eldredge,* for the defendant, submitted the case on a brief.

HOLMES, J.    This is an action upon a recognizance, given, we infer, under Pub. Sts. c. 162, § 28, upon the arrest of the principal on execution.    The defence relied on at the trial was an agreement by the plaintiff to continue the matter from Saturday to Saturday, if the defendant would pay the execution by specified instalments.    The judge found for the defendant, and found as facts that the agreement was made and kept by the defendant, and that the defendant offered the plaintiff the instalment which was due before the plaintiff had the principal in the recognizance defaulted, but that the plaintiff without cause refused to receive it.    It is stated that the plaintiff excepted to the findings of fact.    We assume that this means that the plaintiff excepted on the ground that the findings were not warranted by the evidence.

It is argued that there was no consideration for the agreement. But the defendant testified that he notified the plaintiff that on the return day of the notice to take the oath he should " surrender the principal unless some agreement was made, and thereupon he and the plaintiff agreed that if he would pay the execution " as just stated, the plaintiff would continue the case as just stated.    The defendant further implied by his testimony that he did not surrender the principal, and testified to payments and offers to pay.    The testimony warranted a finding of consideration, either in the defendant's refraining from surrendering the principal or in his promise to pay the execution.    The latter promise was not like a promise to the same effect by the principal, — a mere promise to do what he already was bound to do, — such as was before the court in *Abbott* v. *Tucker,* 4 Allen, 72. See *Doane* v. *Bartlett,* 4 Allen, 74.    The question of consideration even in the latter case seems to have been regarded as not free from doubt in *Merrill* v. *Roulstone,* 14 Allen, 511, 514.

It is urged also that the offer refused by the plaintiff was not on Friday, as agreed, but on the morning of the next day.    It does not appear that we have all the evidence before us.    But

it does appear that the defendant went to the plaintiff's office and could not find him. Finally, it is pressed that the defendant had not kept his tender good. But this suggestion has no bearing on the case. The only question is whether the plaintiff was warranted under his agreement in defaulting the principal on the recognizance when he did. If at that time the defendant had done all that he was bound to do, it does not matter what he has omitted since.

It hardly is denied that the agreement, if upon sufficient consideration and kept by the defendant, is an answer to this suit. The question is not open on the exceptions. If it were, it would not be necessary to go further than to say that, so far as the breach relied on is concerned, the judge was warranted in finding that the plaintiff had waived an appearance by the principal upon that day. *Mount Washington Glass Works* v. *Allen,* 121 Mass. 283.                    *Exceptions overruled.*