SPEIRS FISH COMPANY *vs.* FRANK S. ROBBINS & another.
FREDERICK O. WOODRUFF *vs.* SAME.

Worcester.    September 29, 1902. — October 29, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Poor Debtor*, Recognizance.

A creditor who is present at the hour appointed for the examination of a poor debtor, ready to proceed with the debtor's examination, cannot be held to have waived his rights, if he sees the debtor leave and makes no objection to his doing so, and, if the debtor does not return until after the time appointed for the examination has expired, the creditor has the right to rely on the debtor's default in not appearing at the time appointed, and is not bound to proceed with the examination at the later hour.

TWO ACTIONS OF CONTRACT on poor debtor recognizances against Frank S. Robbins as principal and Norman A. Harrington as surety.    Writs dated July 8, 1901.

In the Superior Court *Gaskill*, J. in each case found for the plaintiff against the defendant Harrington in the penal sum of the bond, namely, $1,268.44, and ordered execution to issue for that amount.    The defendant Harrington alleged exceptions.

*H. Parker*, for the defendant Harrington.

*E. H. Vaughan*, for the plaintiffs, submitted a brief.

LORING, J.    These actions were originally brought against the principal and surety on two poor debtor recognizances.    They are identical in form and were tried together.    The principal in the bond set up a subsequent discharge in bankruptcy, and the judge, who tried the case without a jury, found in his favor; but he found for the plaintiffs against the surety, and the cases are here on exceptions taken by him.

1. The plaintiffs introduced in evidence " the record of the Central District Court of Worcester, which showed that after several continuances . . . the defendant Robbins was defaulted in each case, upon July 8th, 1901," and rested.    The defendant then offered to prove that the debtor Robbins, the principal named in the recognizances, " was before the magistrate at the time and place appointed by the magistrate, ready to be

examined. That the debtor Robbins left the court with his attorney at the direction of the magistrate, to sign and send bankruptcy schedules. That within twenty minutes thereafter, after the bankruptcy schedules were signed and sent, as ordered by the magistrate, the debtor Robbins returned to court, and while before the magistrate and ready to submit to examination, the court, on motion of the attorney for the plaintiff, defaulted the debtor Robbins on both recognizances. That the attorney for the plaintiff was in court at the time the debtor left the presence of the magistrate, and offered no objection thereto." This was excluded and the defendant excepted.

We are of opinion that the exception must be overruled. It is true, as the defendant contends, that a creditor may waive any provision of the recognizance intended for his security, and if he has waived one of its provisions he cannot afterwards set up that there was a breach thereof. *Mount Washington Glass Works* v. *Allen,* 121 Mass. 283. *Williams* v. *Kimball,* 132 Mass. 214. *Thomson* v. *Way,* 172 Mass. 423. But the defendant's offer of proof did not show any waiver by the plaintiffs. It showed that the creditor was present when the debtor left the presence of the magistrate, and that he "offered no objection thereto." We understand that this was before the examination had begun. But a creditor, who is present ready to proceed with the debtor's examination, cannot be held to have waived his rights, if he sees the debtor leave and makes no objection to his doing so. And if the debtor does not return until after the time appointed for the examination has expired, he has the right to rely on the debtor's default in not appearing at the time appointed and is not bound to proceed with the examination at the later hour. If he does insist on that failure to appear and refuses to examine the debtor at the later hour, he does not waive his right to examine the defendant as the plaintiffs contend.

The plaintiffs have not argued that the evidence showed a continuance of the case by the court, until such time as the bankruptcy schedules should be signed, and for that reason that there was no default; for that purpose the evidence was incompetent as contradicting the record. *Wells* v. *Stevens,* 2 Gray, 115. The right of the magistrate to enter a default was not open at the trial in the Superior Court.

2. The defendant's next exceptions are to the court's refusing to rule that on the whole evidence the defendant was entitled to a finding, and that the mere default of the debtor furnishes no evidence as against the surety that the debtor has violated any condition of his recognizance. The only argument made by the defendant in support of these exceptions is that no reason for the default appears of record, and for that reason the record " is no record in law." Whether this is so or not we do not know; the record of the proceedings in the District Court of Worcester is not before us ; it is stated in the bill of exceptions that " the record of the Central District Court of Worcester, which showed that after several continuances of each case, the defendant Robbins was defaulted in each case, upon July 8th, 1901." We do not mean to intimate that the record would have been bad if it did not set forth the " reason for the default."

*Exceptions overruled.*