EDMOND COTE *vs.* NEW ENGLAND NAVIGATION COMPANY.

Bristol.. October 29, 1912. — November 27, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DeCOURCY, JJ.

*Evidence,* Judicial records, Presumptions and burden of proof. *Practice, Civil,* Exceptions. *Payment,* By another. *Satisfaction of Claim,* On judgment against another.

In an action in which the proceedings at the trial of a previous action in a court of record are material, the judge or magistrate before whom the previous action was tried cannot be allowed to testify that a certain motion was made at that trial which the record does not show to have been made.

An exception by a defendant to the erroneous admission at a trial of evidence introduced by the plaintiff will not be sustained, if the evidence erroneously admitted related only to a defense which, if this evidence had been excluded, would not have been supported by the evidence of the defendant.

In an action of contract, where the only defense relied upon is that the plaintiff received full satisfaction of his claim upon a judgment obtained by him in a previous action against a different defendant, the burden of proving such defense is upon the defendant, and it is not enough for him to show by the record·

in the former action that the issue in question might have been litigated and decided in that action.  In order to prevail he must show that in the former action in which judgment was recovered and satisfied the same issue was in fact litigated and determined.

In an action against a common carrier for the loss of a log of veneer of the value of $62, the only defense relied upon was that the plaintiff had received full satisfaction of his claim upon a judgment obtained by him in a previous action against another carrier, to which the defendant was not a party.  The defendant put in evidence the record of the previous action, by which it appeared that the declaration in that action contained three counts, the first in contract for the loss of the same log of veneer valued at $62, the second in contract for the loss of oak stain of the value of $13.50, and the third in tort for the alleged conversion of both the log and the oak stain.  The record further showed a general judgment for the plaintiff in the sum of $13.50 and judgment satisfied.  *Held*, that this evidence did not warrant a finding that the plaintiff had received payment for the log for the loss of which he sued the defendant.

CONTRACT for $62 as stated in the opinion.  Writ in the Second District Court of Bristol dated June 19, 1911.

On appeal to the Superior Court the case was tried before *Fox*, J., without a jury.  The judge found for the plaintiff in the sum of $65.72; and the defendant alleged exceptions to the admission of the evidence which is described in the opinion.  It was stated in the bill of exceptions that the defendant waived all questions except those relating to the defense that the plaintiff had recovered judgment, which had been satisfied, in an action against the New York, New Haven, and Hartford Railroad Company for the same cause of action.  That action was brought in the Second District Court of Bristol and was tried before one of the special justices of that court, who was the witness referred to in the opinion.

*A. W. Blackman*, for the defendant.

*A. S. Phillips*, for the plaintiff, submitted a brief.

RUGG, C. J.  This is an action of contract.  The declaration alleges that the defendant as a common carrier received a log of veneer of the value of $62 shipped to the plaintiff, which it failed to deliver.  The only defense now material is that the plaintiff had sued the New York, New Haven, and Hartford Railroad Company for the same cause of action, wherein the plaintiff recovered judgment which had been satisfied.  The defendant admitted that it transported the veneer.  It was undisputed that previous to the present action the plaintiff had brought an action against the New York, New Haven, and Hartford Railroad Company, in

which the declaration was in three counts, the first in contract alleging failure as a common carrier to deliver to the plaintiff the log of veneer valued at $62, the second count also in contract for failure as common carrier to transport oak stain to the value of $13.50, and (the plaintiff alleging doubt whether his action sounded in tort or contract) a third count in tort alleging conversion of both the log of veneer and the wood stain, the respective values of which were averred to be the same as in the contract counts. The log of veneer referred to in that declaration was the same as that which is the subject of the present action. The defendant offered in evidence the full record of the earlier action, which showed judgment for the plaintiff in the sum of $13.50, and judgment satisfied. The plaintiff called as a witness the magistrate before whom that action was tried. Subject to the exception of the defendant, he read from a paper in his possession, which was a motion by the plaintiff to discontinue his action as set forth in the first count, and testified that the paper was left with him by the plaintiff's attorney at the trial of the action. Ascertaining on June 17, 1912, that this paper bore no file mark, he directed the clerk of the court to file the paper, and caused the docket to be amended accordingly, and that the paper was in truth filed on June 19, 1911, which was the date of the trial of that action. The duly certified copy of the record in evidence did not show the filing or allowance of any such motion or any other motion affecting the declaration or the plaintiff's claims under it at the trial. It is to be observed that this testimony did not relate to the matters actually tried out and decided in the action, but merely to the court record. Plainly, the admission of this evidence was improper. It was said in *Wells* v. *Stevens*, 2 Gray, 115, 117: "No principle is more firmly established than that which excludes oral testimony when offered to vary or contradict written judicial records. The record of a court of competent jurisdiction imports incontrovertible verity, as to all the proceedings which it sets forth as having taken place, and is of so high a nature that no averment can be made against it." The record failed to show the presentation or allowance of the motion, and no parol evidence was admissible to amplify, modify or contradict it. This rule is based upon considerations of public policy, and is too well established to require discussion. *Kelley* v. *Dresser*, 11 Allen, 31. *Lund* v. *George*, 1 Allen, 403.

*Sayles* v. *Briggs,* 4 Met. 421. *Speirs Fish Co.* v. *Robbins,* 182 Mass. 128.

But the defendant fails to show that it has suffered injury. The defendant, in support of its plea of former judgment and satisfaction, offered no evidence except the record. From this it appeared that the action was not between the same parties as those to the present act on. Hence the general rule, that a judgment on its merits in a former action between the same parties is a bar, as to every issue which in fact was or in law might have been litigated, to later action upon the same cause, has no application. There is nothing to indicate that the present defendant is a privy of the defendant in the earlier action. Apparently they are strangers. The defense is different in kind, and is founded on another rule, to the effect that a plaintiff cannot obtain twice satisfaction for the same debt or wrong. The plaintiff as a shipper of merchandise can have but one satisfaction of the debt or claim due to him for the failure to deliver his property, which the defendant undertook to transport as a common carrier. If his cause of action sounds in contract and both the defendant and the New York, New Haven, and Hartford Railroad Company have been guilty of a breach resulting in the same harm to the plaintiff, there can be but one satisfaction of the obligation. *Gilmore* v. *Carr,* 2 Mass. 171. *Savage* v. *Stevens,* 128 Mass. 254, and cases cited. *Stimpson* v. *Poole,* 141 Mass. 502, 504. *Simpson* v. *Mercer,* 144 Mass. 413. *Vanuxem* v. *Burr,* 151 Mass. 386. *Burnham* v. *Windram,* 164 Mass. 313, 316. *New York Bank Note Co.* v. *Kidder Press Manuf. Co.* 192 Mass. 391, 408. *Crow* v. *Bowlby,* 68 Ill. 23. *Jenners* v. *Oldham,* 6 Blackf. 235. If it sounds in tort and both defendants have joined in the wrong, separate judgments may be had against each wrongdoer, though there can be but one satisfaction. *Corey* v. *Havener,* 182 Mass. 250. The decisions of this court go rather far in holding satisfaction of the plaintiff's claim by a stranger a bar in favor of the defendant. The present case raises no question of wrongful or fraudulent recovery by the plaintiff in the earlier action. If it be assumed in favor of the defendant that payment of the plaintiff's claim for the log of veneer by the New York, New Haven, and Hartford Railroad Company would be a bar to the present action, the defendant must fail.

The defense that the plaintiff had already received satisfaction of his debt or claim was an affirmative one, and the burden of proving it rested on the defendant. All it did was to introduce the record of an action, in which the present plaintiff was the plaintiff and another common carrier was the defendant, and in which the declaration sufficiently alleged, by two separate counts in contract, failure to deliver two distinct articles of merchandise and alternatively by one count in tort conversion of the same articles, in which the judgment was general and in which there was satisfaction. One only of these articles was the same as the subject of the present action. This evidence did not sustain the burden of proof as to the issue raised by the defendant. It did not show that the plaintiff had already received payment of the claim sought to be enforced against the defendant. It well might have been that the only issue tried and settled in the earlier case related to the other articles of merchandise and not to that now in litigation. So far as the exceptions show anything touching that matter, they indicate that the value of the log of veneer was not recovered in the earlier case. It is stated that previous to or at the trial of the action against the New York, New Haven, and Hartford Railroad Company the plaintiff was advised that that carrier did not transport and had no connection with the log of veneer, and that at the trial the defendant made a motion that the court direct a verdict for the defendant. The declaration in that case alleged in detail the value of the log of veneer to be $62, and that of the wood stain to be $13.50. The judgment for the plaintiff was for $13.50 debt or damage. These facts together with the record fail to furnish ground for the inference that the plaintiff has received satisfaction for the claim which he now seeks to recover from this defendant.

When the second action is not between the same parties or does not relate to exactly the same claim or demand, then the effect of the previous judgment and its satisfaction can extend no further than the issue in fact litigated and determined. When the record does not demonstrate what issues actually were tried and decided, they may be shown by extrinsic evidence. When a record of an action between a plaintiff and another defendant is offered as a bar against the plaintiff on the ground that he has been paid in full for his claim, it must be shown what was the demand or claim upon

which he actually recovered and for which in fact he has been paid. It is not enough to show those which might have been litigated or decided. Sometimes this may appear on the record itself. But it does not in the present case. The party upon whom rests the burden of proof must introduce evidence to show that the matters in truth tried and settled in the earlier case were the same as those sought to be tried again in the second case, before it can be said that the satisfaction of the earlier judgment proves or warrants a finding that the plaintiff has been paid for the claim sought to be recovered in the second action. *Lea* v. *Lea,* 99 Mass. 493. *Foye* v. *Patch,* 132 Mass. 105. *Roach* v. *Roach,* 190 Mass. 253. *Corbett* v. *Craven,* 196 Mass. 319, 322. *Newhall* v. *Enterprise Mining Co.* 205 Mass. 585. *Virginia-Carolina Chemical Co.* v. *Kirven,* 215 U. S. 252, and cases cited at 257.

The result is that the defendant failed to make out any defense under its answer of satisfaction of judgment for the same claim, and hence suffered no injury by the error in the admission of evidence.

*Exceptions overruled.*